COMMONWEALTH *vs.* STEPHEN F. KRASNER.   October 1, 1971.   The defendant appeals under G. L. c. 278, §§ 33A–33H, from conviction on an indictment charging him with making a battering ram with the intent that it be used to commit the crime of trespass.   G. L. c. 266, § 49.   We upheld the indictment on a prior appeal by the Commonwealth.   *Commonwealth* v. *Krasner*, 358 Mass. 727.   (1) We decline to reconsider that decision.   (2) There was no error in the judge's ruling that a juror was not disqualified by virtue of her marriage to a police officer.   G. L. c. 234, § 28.   See *Commonwealth* v. *French*, 357 Mass. 356, 400–401.   Cf. *Commonwealth* v. *Stewart*, 359 Mass. 671, 677.   (3) There was no error in the denial of the defendant's motion for a directed verdict.   Trespass to a particular office could be a crime under G. L. c. 266, § 120, even though the defendant was given lawful access to other parts of the building, and there was evidence from which the jury could infer that the defendant intended that the battering ram made by him be used to

commit the crime of trespass either by unlawful entry or by unlawfully remaining. *Commonwealth* v. *Richardson*, 313 Mass. 632, 637, 640. *Commonwealth* v. *Krasner*, 358 Mass. 727, 731, n. 6. (4) The judge read to the jury sixteen instructions requested by the defendant. Some of those instructions were ambiguous and confusing; arguably some were incomprehensible or inconsistent with each other. The defendant moved for a new trial on the ground that the verdict was contrary to the instructions so given, and now claims that those instructions became the law of the case, citing *Tompkins* v. *Quaker Oats Co.* 239 Mass. 147, 150, *Lapp Insulator Co.* v. *Boston & Maine R.R.* 330 Mass. 205, 211, and Note, 40 Col. L. Rev. 268, 274. The instructions, taken as a whole, were not so confusing as to deny the defendant a fair trial. There was evidence from which, in the language of the instructions, the jury could infer that the defendant specifically intended the battering ram "to be used to break into the president's office," as it was in fact used, that "he also had the intent that it be used to commit the offense of remaining unlawfully," and that "he intended the instrument to be used to commit the offense of unlawfully remaining in a building."

*Judgment affirmed.*

The case was submitted on briefs.

*Roger C. Park & Norman S. Zalkind* for the defendant.

*John J. Droney*, District Attorney, *Terence M. Troyer*, Assistant District Attorney, & *Roger A. Karz* for the Commonwealth.