COMMONWEALTH *vs.* PAUL GRAUD. October 12, 1979. The defendant appeals under G. L. c. 278, §§ 33A-33G, from convictions on complaints charging possession of burglarious implements and attempted larceny of a motor vehicle.

The defendant was observed standing in a gas station parking lot in front of several so called "U-Haul" rental trucks. He dropped a pair of heavy, thick gloves when a police cruiser entered the lot. A codefendant, attempting to hide, was found hanging upside down beneath one of the trucks. A dent puller with a two-inch screw was discovered on the running board of another truck approximately twenty-five feet from where the defendant was originally spotted. The cab of that truck was unlocked, and there was a rounded hole on the ignition of the truck. That hole, consistent with the two-inch screw of the dent puller, was the only evidence of tampering. The defendant was arrested. The complaint charging the defendant with possession of burglarious implements, however, did not charge possession of the tools "to commit any other crime." G. L. c. 277, § 79.

1. As the complaint charging possession of burglarious implements (No. 011428) is framed in essentially the same terms as the indictment in *Commonwealth* v. *Armenia,* 4 Mass. App. Ct. 33 (1976), the Commonwealth is similarly confined in its proof to establish a violation of

G. L. c. 266, § 49. Upon review of this record we are constrained to conclude that it was error for the judge to deny the defendant's request for rulings that the Commonwealth's evidence was insufficient as matter of law to support a conviction on that complaint. Our reasons in this regard are fully explained in *Armenia, supra* at 38-39. Contrast *Commonwealth* v. *Tilley,* 306 Mass. 412, 415-417 (1940); *Commonwealth* v. *Garreffi,* 355 Mass. 428, 432-433 (1969).

2. The evidence at the close of the Commonwealth's case was sufficient to warrant a finding that the defendant was guilty of attempted larceny of a motor vehicle, the particular violation of G. L. c. 274, § 6, which was alleged in the companion complaint (No. 011429). See *Commonwealth* v. *Kozlowsky,* 238 Mass. 379, 391 (1921). Compare *Commonwealth* v. *Cabot,* 241 Mass. 131, 142-143 (1922).

The judgment on complaint No. 011428 is reversed, the verdict on that complaint is set aside, and judgment is to be entered for the defendant. The judgment on complaint No. 011429 is affirmed.

*So ordered.*

*Margaret Hayman* for the defendant.

*Kevin Driscoll,* Legal Assistant to the District Attorney (*Brian J. Dobie,* Special Assistant District Attorney, with him) for the Commonwealth.