COMMONWEALTH vs. GEORGE MAHNKE. May 5, 1982. The defendant appeals from convictions on indictments charging larceny of a motor vehicle (see G. L. c. 266, § 28, as amended through St. 1972, c. 78) and possession of burglarious implements (see G. L. c. 266, § 49). He assigns as error the denial of his motion for required findings of not guilty on those indictments.

We review the evidence in the light most favorable to the Commonwealth (*Commonwealth* v. *Sandler*, 368 Mass. 729, 740 [1975]) in order to determine whether it, along with permissible inferences which could be drawn therefrom, was sufficient to satisfy a rational trier of fact of each essential element of the offenses charged beyond a reasonable doubt. *Commonwealth* v. *Latimore*, 378 Mass. 671, 677-678 (1979). *Commonwealth* v. *Amaral*, ante 238, 239 (1982). The defendant was arrested after fleeing from a car with out-of-State license plates which had been pursued by the police through the streets of Boston and Cambridge. When captured by the police as he was running a few blocks away from the abandoned car, the defendant was carrying a canvas bag which contained, among other things, a dent puller with an ignition attached, a Massachusetts registration plate, a pair of pliers, and two screwdrivers. A police officer who arrested the defendant observed that the ignition at-

tached to the dent puller fit the empty space in the abandoned car, from which an ignition had been removed. At trial, the two police officers who arrested the defendant testified that they were able to view the occupants of the car which they had pursued, at which time they noted that the driver had bushy hair and was wearing a green shirt. They each identified the defendant, who was wearing a green short-sleeved shirt when apprehended, as the driver of the vehicle. There was evidence that the car in question was stolen. There was no evidence to indicate that there was any money or property in that automobile or that the defendant thought there was.

1. The defendant argues that there was insufficient evidence for the jury to find that the defendant intended "permanently to deprive the rightful owner of the possession of the motor vehicle." *Commonwealth* v. *Giannino,* 371 Mass. 700, 703 (1977). *Costarelli* v. *Commonwealth,* 374 Mass. 677, 683 (1978). We disagree. The issue rightly was submitted to the jury to decide on all the evidence whether the taking of the automobile was larcenous. See *Commonwealth* v. *Subilosky,* 352 Mass. 153, 166 (1967), where the court noted that it was for the jury to decide "whether the defendant intended permanently to deprive the owner of the automobile." *Commonwealth* v. *Salerno,* 356 Mass. 642, 648 (1970). Cf. *Commonwealth* v. *Cabot,* 241 Mass. 131, 142-143 (1922), a case involving the alleged larceny of property other than a car, in which the court concluded (at 143) that "[i]t does not lie in the mouth of one who has taken property . . . to claim that as a matter of law a definite intent to keep it permanently must be proven. Such an intent may be inferred from all the facts." "One who takes property without the authority of the owner and so uses or disposes of it as to show indifference whether the owner recovers possession may be found to intend to deprive the owner of it permanently." *Commonwealth* v. *Salerno,* 356 Mass. at 648. The evidence presented in the instant case indicated that the defendant used the stolen car as his own until his imminent apprehension by the police. His abandonment of the car at that time demonstrated a clear indifference to the owner's right of possession. Moreover, the defendant's possession of a dent puller (recognized by the police to be a device often used in the theft of automobiles) and a Massachusetts license plate (which conceivably would be used to alter the identification of the vehicle) was sufficient evidence to allow the jury to infer that the defendant had not taken the car for a "joy ride." See *Commonwealth* v. *Hogg,* 365 Mass. 290, 295 (1974). Accordingly, we hold that the trial judge did not err in denying the defendant's motion for a required finding of not guilty on indictment No. 80-2120, charging larceny of a motor vehicle.

2. As for indictment No. 80-2115, charging the possession of burglarious implements, we are constrained to hold that it was error for the judge to deny the defendant's request for rulings that the Commonwealth's evidence was insufficient as a matter of law to support a conviction on that

indictment. The indictment charged the defendant with possession of "certain machines, tools and implements adapted and designed for cutting through, forcing and breaking open buildings, rooms, vaults, safes and other depositories, in order to steal therefrom such money and other property as might be found therein . . . intending to use and employ them therefor." As such, it is framed in essentially the same terms as the indictment in *Commonwealth* v. *Armenia*, 4 Mass. App. Ct. 33, 38 (1976), in which case this court noted that, even assuming (without deciding) that an automobile may be considered a "depository" for purposes of G. L. c. 266, § 49, "the Commonwealth must prove an intent to steal *from* the automobile in order to prove the crime charged in the indictment." *Commonwealth* v. *Armenia, supra* at 38. See *Commonwealth* v. *Graud*, 8 Mass. App. Ct. 915 (1979). Upon review of the record, we conclude that, as was the case in *Armenia*, there is nothing in the evidence from which the jury could properly infer the requisite specific intent from conduct. Contrast *Commonwealth* v. *Tilley*, 306 Mass. 412, 415-417 (1940); *Commonwealth* v. *Garreffi*, 355 Mass. 428, 432-433 (1969); *Commonwealth* v. *Schraffa*, 2 Mass. App. Ct. 808, 809 (1974). Because the Commonwealth presented no evidence to indicate that there was any money or property in the automobile or that the defendant planned to steal anything from the automobile, we must hold that the defendant's motion for a required finding of not guilty on the charge of possession of burglarious implements should have been granted. In so holding, we note that we are not persuaded by the Commonwealth's argument that this case is distinguishable from *Armenia* because the car now in question had out-of-State license plates, thereby indicating that the car was likely used for the storage of valuable property.

The judgment on indictment No. 80-2120 is affirmed. The judgment on indictment No. 80-2115 is reversed. The verdict on that indictment is set aside, and judgment is to be entered for the defendant thereon.

*So ordered.*

*Barry P. Wilson* for the defendant.

*Kevin J. Ross*, Legal Assistant to the District Attorney, for the Commonwealth.