COMMONWEALTH *vs.* LARRY J. SCHULTZ. December 22, 1983. *Malicious Injury to Property. Larceny. Burglarious Implements. Words,* "Fence," "Depository."

1. The evidence offered in support of No. 83-80C was insufficient to warrant a finding that the defendant had acted "maliciously" within the meaning of the second clause of G. L. c. 266, § 114. See *Commonwealth* v. *Peruzzi,* 15 Mass. App. Ct. 437, 440-444 (1983), and cased cited. 2. The integrity of the fence was only as good as the padlocked chain which held together the two halves of the gate which, when swung open, permitted vehicular access through the fence, with the result that the chain constituted a part of a "fence" within the meaning of the same clause of § 114. That being so, there was no question of a variance (see G. L. c. 277, § 35) between the overt act alleged in No. 83-80B and the one proved at trial. 3. The evidence that the pickup truck had earlier in the day been taken from its owner without its authority and that the defendant had moved the truck to a point opposite the break in the fence, where the police found the truck with a stolen license plate affixed thereto, its engine running and its ignition popped, was sufficient to warrant a rational trier of fact (*Commonwealth* v. *Latimore,* 378 Mass. 671, 677-678 [1979]) in concluding beyond a reasonable doubt that the defendant had stolen the truck within the meaning of G. L. c. 266, § 28(*a*), as appearing in St. 1980, c. 463, § 4. *Commonwealth* v. *Subilosky,* 352 Mass. 153, 166-167 (1967). *Commonwealth* v. *Salerno,* 356 Mass. 642, 648 (1970). *Commonwealth* v. *Mahnke,* 13 Mass. App. Ct. 1057, 1058 (1982). 4. The evidence that the license plate had earlier been taken from its owner without authority, when coupled with the other evidence already summarized in part 3 hereof, was sufficient to warrant a rational trier of fact in concluding beyond a reasonable doubt that the defendant had committed the offence alleged in No. 83-80E. 5. We are not persuaded that a boat storage area which is fenced on two sides, open to pedestrian access on a third side, undescribed as to its fourth side, and open to the sky is a "depository" within the meaning of the phrase "building, room, vault, safe or *other* depository" (emphasis supplied) in G. L. c. 266, § 49, as appearing in St. 1966, c. 269. See and contrast *Commonwealth* v. *Tilley,* 306 Mass. 412, 415-417 (1940); *Commonwealth* v. *Dellinger,* 10 Mass. App. Ct. 549, 560-561 (1980), rev'd on other grounds, 383 Mass. 780 (1981). The alternative allegation in No. 83-80A of "intent to commit some other crime" is of no avail because the "other crime" referred to in § 49 must be committed in the "building, room, vault, safe or other depository." *Commonwealth* v.

*Krasner,* 358 Mass. 727, 729-731, *S.C.,* 360 Mass. 848, 849 (1971). The defendant should have had a required finding of not guilty on that complaint. 6. On Nos. 83-80A and 83-80C, the judgments are reversed, the findings of guilty are set aside, and judgments are to be entered for the defendant. On Nos. 83-80B, 83-80D and 83-80E the judgments are affirmed.

*So ordered.*

*Nona E. Walker* for the defendant.

*Robert P. Snell,* Assistant District Attorney (*Robert Sinsheimer,* Assistant District Attorney, with him) for the Commonwealth.