## COMMONWEALTH *vs.* WILLIAM L. DREYER, JR.

Worcester.    May 11, 1984. — September 21, 1984.

Present: BROWN, CUTTER, & KASS, JJ.

*Assault and Battery by Means of a Dangerous Weapon. Motor Vehicle,* Larceny, Unauthorized use. *Burglarious Implements. Practice, Criminal,* Instructions to jury.

At the trial of a criminal case, the judge did not err in instructing the jury on assault and battery by means of a dangerous weapon. [563]

At the trial of a criminal case, evidence that the defendant was discovered standing next to an automobile in a parking lot at 3:00 A.M., that as police approached he fled, after striking one of the officers with a screwdriver, and that a coat hanger was found sticking out of a window of the automobile warranted a finding that the defendant had attempted to steal the automobile. [563-564]

At the trial of a complaint charging the defendant with possession of burglarious instruments in violation of G. L. c. 266, § 49, evidence that the defendant, while in possession of a screwdriver, was discovered near an automobile in a parking lot at 3:00 A.M., that he fled when police approached, and that a coat hanger was found sticking out of a window of the automobile warranted a finding that the defendant was guilty of the offense charged. [564-565] BROWN, J., dissenting.

On appeal of a criminal case, it was held that the judge's refusal after his charge to the jury to receive comments from counsel constituted reversible error. [566]

At the trial of an indictment charging assault and battery by means of a dangerous weapon during which there was evidence that the defendant had struck a police officer on the shoulder with a screwdriver, the judge erred in failing to instruct the jury on the lesser included offense of assault and battery. [566]

At the trial of an indictment charging attempted larceny of a motor vehicle, the judge erred in failing to charge the jury on the lesser included offense of attempted use without authority. [567]

At the trial of a criminal case, the judge should have given alibi instructions in accordance with the recommendation in *Commonwealth* v. *McLeod,* 367 Mass. 500 (1975). [567]

COMPLAINTS received and sworn to in the Central Worcester Division of the District Court Department on January 17, 1983.

On appeal to the jury session of that court, the cases were tried before *Garbose, J.*

*Eric Brandt* for the defendant.

*Claudia R. Sullivan,* Assistant District Attorney, for the Commonwealth.

CUTTER, J. Dreyer appeals from the convictions upon various complaints. We reverse the convictions on grounds outlined below.

1. *Assault and Battery by Means of a Dangerous Weapon.*

Dreyer contends that the judge's instructions on assault and battery by means of a dangerous weapon improperly did not require the jury to find that he intended to use a screwdriver as a dangerous weapon.[1] In *Commonwealth* v. *Appleby,* 380 Mass. 296, 307 (1980), the court stated that G. L. c. 265, § 15A, "does not require specific intent to injure . . . only general intent to do the act causing the injury" and (at 308) that, "[o]nce an actor intends to commit assault with an object capable of causing bodily harm [footnote omitted], he is threatening to use the instrumentality in a dangerous fashion." The judge adequately defined the elements of assault and battery and made it clear that the jurors had to find the requisite "intent" to commit the assault and battery by means of a dangerous weapon. The judge also carefully defined what constituted a dangerous weapon. See *Commonwealth* v. *Barrett,* 386 Mass. 649, 655 (1982). The charge was sufficient.

2. *Attempted Larceny of a Motor Vehicle.*

The judge correctly denied Dreyer's motion for a required finding of not guilty of attempted larceny of a motor vehicle.

---

[1] In part, the judge instructed the jury that in order "to prove an assault and battery, the Commonwealth must establish an intentional and unjustified use of force upon the person of another, however slight" and that an "[a]ssault and battery is essentially the intentional, offensive, unprivileged touching of the person of another." He further charged that "[a] dangerous weapon can be any instrument so constructed or used so as to be likely to produce great bodily injury . . . . In resolving the issue as to whether the instrument is dangerous, the jury may consider the nature, size and shape of the object, as well as the way in which it is handled or controlled. . . ."

On the evidence a rational trier of fact could find beyond a reasonable doubt that Dreyer was attempting to steal the automobile. See G. L. c. 274, § 6. "The essence of the crime of attempt is that the defendant has taken a 'step towards a criminal offense with specific intent to commit that particular crime.'" *Commonwealth* v. *Burns,* 8 Mass. App. Ct. 194, 196 (1979). Perkins, Criminal Law 552 (2d ed. 1969).[2]

3. *Possession of Burglarious Implements.*

Dreyer was charged with a violation of G. L. c. 266, § 49, as appearing in St. 1966, c. 269, § 1. That section makes it an offense to possess a "machine, tool or implement adapted and designed for . . . forcing or breaking open a building, room, vault, safe *or other depository,* in order to steal therefrom money or other property, or to *commit any other crime,* knowing the same to be adapted and designed for the purpose aforesaid, with intent to use or employ or allow the same to be used or employed for such purpose" that is, breaking into the depository (emphasis supplied). Dreyer's counsel has argued that the passenger compartment of an automobile may not be considered a depository for purposes of G. L. c. 266, § 49, a point generally decided to the contrary in *Commonwealth* v. *Aleo, post* 916, 917 (1984). A majority of the panel are of opinion that on the evidence Dreyer could be convicted of a violation of § 49.

In 1984, a locked passenger automobile reasonably can be inferred to be a depository, for it ordinarily contains a radio,

---

[2] There was evidence that about 3:00 A.M. the police discovered Dreyer standing next to a black Ford in a substantially empty, well-lighted, parking lot in Worcester. When Dreyer saw the cruiser, he ducked between the Ford and a cement wall. As the officers approached the vehicle, Dreyer ran from behind it, struck one of the officers with an instrument (later discovered to be a screwdriver), and fled. After an unsuccessful chase, the officers returned to the parking lot. There they found a coat hanger sticking out of the window on the driver's side of the Ford. From this evidence, the jury could infer that Dreyer had intended to enter the vehicle, using the coat hanger, and, once inside, to use the screwdriver to tamper with the ignition. See *Commonwealth* v. *Graud,* 8 Mass. App. Ct. 915 (1979). On the evidence, the judge reasonably submitted to the jury the question "whether the defendant intended permanently to deprive the owner of the automobile." *Commonwealth* v. *Subilosky,* 352 Mass. 153, 166 (1967).

a glove compartment or shelf with some contents, and a trunk usually holding at least a spare tire or tools. The evidence of Dreyer's possession of a screwdriver, while hiding near an automobile (in the circumstances obviously locked) in a substantially empty parking lot at three o'clock in the morning, followed by his flight when approached by the police witnesses, provides substantial basis for finding the knowledge and intent mentioned in § 49. The coat hanger hanging out of a window of the automobile (although not mentioned in the complaint) is also pertinent evidence concerning Dreyer's intent. The purpose of Dreyer to commit some offense within the locked automobile, once he opened it, see *Commonwealth* v. *Schultz,* 17 Mass. App. Ct. 958-959 (1983), reasonably may be inferred from all the circumstances. Whether the intended offense was the theft of contents (e.g., a radio or articles in the glove compartment or on the shelf), an unlawful use of the automobile, or the theft of the automobile itself, appears to be immaterial under the Massachusetts decisions. We perceive no basis in the cases for requiring evidence that the automobile was used to store valuables or that Dreyer's purpose was to enter the automobile to remove valuables. As was said in the *Aleo* case, *supra* at 917, "the gist of the offense lies in the possession of the tools, the purpose for which they are possessed, and their suitability for that purpose."

The breadth of § 49 was recognized in *Commonwealth* v. *Krasner,* 358 Mass. 727, 729-732 (use of device to break into a room to commit a misdemeanor, trespass), *S.C.,* 360 Mass. 848 (1971). In *Commonwealth* v. *Armenia,* 4 Mass. App. Ct. 33, 38 (1976), the indictment did not charge intention "to commit any other crime" within the automobile there involved but alleged only an intention to "steal" from it. *Commonwealth* v. *Johnson,* 7 Mass. App. Ct. 191, 195 (1979), and *Commonwealth* v. *Mahnke,* 13 Mass. App. Ct. 1057, 1058-1059 (1982), dealt with generally similar indictments.[3]

---

[3] *Commonwealth* v. *Dellinger,* 10 Mass. App. Ct. 549, 561-562 (1980), later dealt with largely on other grounds in 383 Mass. 780 (1981), was a case in which (at 561) this court said that the evidence there presented did not show beyond a reasonable doubt any intention to use the tools found

Dreyer's motion for a required finding of not guilty was properly denied. The complaint under § 49, however, should be remanded for a new trial because of the trial judge's error in failing to receive comments from counsel after his charge. See note 4, *infra*. That charge was meager in relation to the elements of the offense in fact asserted under § 49 and counsel should have been afforded opportunity to request its appropriate expansion.

4.  *Charge on the Lesser Included Offenses.*[4]

"A judge must charge the jury concerning a lesser included offense if the evidence provides a rational basis for acquitting the defendant of the crime charged and for convicting him of the lesser included offense." *Commonwealth* v. *Hawkins,* 388 Mass. 1014 (1983). *Commonwealth* v. *Powell,* 10 Mass. App. Ct. 57, 58 (1980). As to this aspect of the case Dreyer makes two contentions, each calling for reversal in the circumstances.

(a) Dreyer argues that the trial judge erred in failing to charge on the lesser included offense of assault and battery because it could have been concluded that there was no intent to use the screwdriver as a dangerous weapon. See *Commonwealth* v. *Washington,* 15 Mass. App. Ct. 378, 383 (1983). The offense of assault and battery by means of a dangerous weapon (G. L. c. 265, § 15A) "is complete once the threat is consummated by the application of *any force* upon the victim by means of the instrumentality" (emphasis supplied). *Commonwealth* v. *Appleby,* 380 Mass. at 308. Here, the evidence showed that Dreyer hit Officer Karlon in the shoulder with a screwdriver. It could have been found on the evidence that the screwdriver as used by the defendant was not dangerous.

---

in one automobile to break into a truck at once or even in connection with a probable highjacking of the truck on some future day.

[4] The record does not reflect any objection to the judge's failure to instruct on the lesser included offenses. The judge, however, refused to permit counsel to approach the bench after the charge. See Mass.R.Crim.P. 24(b), 378 Mass. 895 (1979). "Defense counsel was not required to make a futile offer of proof 'in face of the judge's unequivocal adverse ruling.'" *Commonwealth* v. *Graziano,* 368 Mass. 325, 330 (1975). *Commonwealth* v. *Jewett,* 17 Mass. App. Ct. 354, 356 n.3 (1984). Failure to allow defense counsel to approach the bench before the jury retires creates at least the risk that there will be an inadequate record on appeal.

(b) Dreyer also claims that with respect to the charge of attempted larceny of a motor vehicle the trial judge should have charged on the lesser included offense of use without authority. On the evidence the jury could have convicted Dreyer of that lesser included offense. See *Commonwealth* v. *Subilosky,* 352 Mass. 153, 166-167 (1967).

5. *Instruction on Alibi.*

The trial judge refused to give alibi instructions in accordance with the instructions recommended in *Commonwealth* v. *McLeod,* 367 Mass. 500, 502 n.1 (1975). On the issue of alibi the trial judge should have followed the recommendation in the *McLeod* case. See *Commonwealth* v. *Bowden,* 379 Mass. 472, 480-482 (1980).

*Judgments reversed .*

*Verdicts set aside.*

BROWN, J. (concurring in part and dissenting in part). The defendant's motion for a required finding of not guilty of possession of burglarious implements should have been allowed. The indictment here charged the defendant with possession of a "machine, tool, or implement adapted and designed for cutting through, forcing or breaking open a building, room, vault, safe or *other depository,* in order to steal therefrom money or other property, or to *commit any other crime, . . .* with intent to use or employ or allow the same to be used or employed for such purpose" (emphasis supplied). Compare *Commonwealth* v. *Armenia,* 4 Mass. App. Ct. 33, 38-39 (1976). I am unable to subscribe to the majority's view that in the instant circumstances the Commonwealth is *not required* to produce *any* "evidence that the automobile was used to store valuables or [the defendant's] purpose was to enter the automobile to remove valuables" in order to secure a conviction for violation of G. L. c. 266, § 49, as appearing in St. 1966, c. 269, § 1.

The defendant has argued that the passenger compartment of an automobile may not be considered a depository for pur-

poses of G. L. c. 266, § 49. That point, concededly, was decided to the contrary in *Commonwealth* v. *Aleo, post* 916, 917 (1984). Contrast *Commonwealth* v. *Schultz,* 17 Mass. App. Ct. 958 (1983) (boat yard). I am of opinion, however, that the passenger compartment may be found to be a depository only in those instances where there is evidence that the passenger compartment was in fact used for the storage of valuables or that the defendant planned to steal valuables from the automobile. Compare *Commonwealth* v. *Mahnke,* 13 Mass. App. Ct. 1057, 1059 (1982). The majority and the Commonwealth, however, believe that the jury could find the defendant had transgressed against G. L. c. 266, § 49, if they found he possessed the implements "to commit any other crime," e.g., stealing the automobile.[1] *Commonwealth* v. *Krasner,* 358 Mass. 727, 732 (1971). *Commonwealth* v. *Armenia,* 4 Mass. App. Ct. at 38. I disagree. Under our cases, the "other crime" must relate to the "building, room, vault, safe or other depository" described in § 49. *Commonwealth* v. *Schultz, supra.* The majority places great reliance on *Commonwealth* v. *Krasner, supra.* But here, unlike in *Krasner,* the break was into an automobile. An automobile is not a building, room, vault, or safe. The majority do not give proper weight to the requirement of the statute that the automobile have the character of a depository to subject the defendant to liability for possession of burglar's tools. To warrant a finding that the automobile was a depository, there must be some evidence that the automobile was used for the storage of valuables or that the defendant's purpose was to enter the automobile to remove valuables. In the present case, there was no evidence that the automobile was, or was thought by the defendant to be, a depository. Contrast *Commonwealth* v. *Aleo, supra* (jury could

---

[1] It is understandable why the Commonwealth takes this position, as it presented no evidence as to the contents of the automobile or of the defendant's intent or purpose. I am not prepared to make the great leap that "a locked passenger automobile reasonably can be inferred to be a depository, for it ordinarily contains a radio, a glove compartment or shelf with some contents" (at 564-565), and perhaps a trunk compartment. No such leap was made in *Commonwealth* v. *Aleo, supra.*

rationally infer that defendant and others were engaged in a joint enterprise of stealing automobile radios). Such a low level of proof falls far short of the mark set by *Commonwealth* v. *Latimore,* 378 Mass. 671, 677-678 (1979).

I also reject the majority's reasoning and result on a policy basis. The decision creates the anomaly of largely obliterating the statutory distinction between the treatment of car thieves as felons and joy riders as misdemeanants. From this day on, regardless of the tool or device the joy rider may use to break into a locked car, he now will be subjected to treatment as a felon.

I concur in all other aspects of the majority's opinion, particularly the admonition regarding departures from the requirements of Mass.R.Crim.P. 24(b), 378 Mass. 895 (1979). See n.4 of the majority opinion, *supra.* Appellate courts, busy or otherwise, look upon needless error the way General Custer would have felt about more Indians.