ELEANOR B. ROSENTHAL *vs.* W. DONALD CAMPBELL. No. 93-P-742. June 16, 1994. *Divorce and Separation*, Alimony. *Contract*, Antenuptial agreement.

The parties, formerly husband and wife, dispute the amount of the husband's alimony obligation for 1988 under the terms of their separation agreement. The parties, both of whom had been married previously, were fifty-eight and fifty years old, respectively, at the time of their marriage in 1986. Both owned property and were earning income at the time of the marriage, but the husband's income and the value of his assets far exceeded those of the wife. The wife had been receiving alimony from her former husband, which would terminate upon her remarriage, in the approximate amount of $25,000 per year. Prior to their marriage, with each represented by counsel and after full disclosure, the parties entered into an antenuptial agreement with the stated objective that, should they separate or divorce, they would "return to their status prior to the contemplated marriage." The agreement provided that, in the event of separation or divorce, the husband would pay the wife alimony in the amount of $25,000 annually. However, a clause in the agreement provided for abatement of that obligation, according to a formula, "[i]n the event that [the wife] earns from any source, salary, compensation, commissions, or other income, in excess of [$10,000]." Another clause provided that the agreement

"is not to be construed adversely against either party by reason of unilateral draftsmanship."

The parties separated and entered into a separation agreement in 1988 which, with respect to alimony, incorporated the language of the antenuptial agreement. In 1988, the wife had a $20,872 net capital gain, for income tax purposes, from the sale of stock and a share in a limited partnership. On the strength of that gain, the husband invoked the abatement clause and, in the following year, reduced the amount of alimony in accordance with the formula. The wife filed a complaint for contempt in the Probate Court. Neither party at trial offered testimony concerning the parties' intent at the time the antenuptial agreement was entered insofar as that might have shed light on the meaning of the abatement clause. The judge dismissed the complaint, ruling that the husband properly reduced his alimony payments according to the formula in the agreement.

The issue is whether the phrase "other income" in the abatement clause contemplates income other than earned income. We think not because the verb which controls the abatement clause is "earns"; i.e., the abatement formula comes into play if the wife "*earns* from any source, salary, compensation, commissions, or other income" (emphasis supplied). Contrast 26 U.S.C. § 61(a) (1988) (defining gross income as "all income from whatever source derived"). The common understanding of the word "earns" is to obtain compensation for the performance of some act. So construed, the phrase "other income" is similar to the precise terms, "salary," "compensation," and "commissions," used in the same clause. See *Commonwealth* v. *Krasner*, 358 Mass. 727, 733 (1971) (Spalding, J., dissenting), *S.C.*, 360 Mass. 848 (1971). At the time they made the agreement, both parties owned property of fluctuating value which they might buy, sell, or exchange from time to time. That the wife might in any particular year after separation or divorce choose to buy or sell a particular asset at a gain or loss was irrelevant to the parties' stated purpose: to be restored, in the event the marriage failed, to their status prior to the marriage. Regardless of changes in the value of her capital assets, the wife had been receiving alimony from a former husband in the approximate amount called for in the agreement in issue. The obvious intent was that she be no worse off as a result of her remarriage.

Accordingly, we vacate the dismissal and remand the matter to the Probate Court for further proceedings.

*So ordered.*

*SallyAnn Janulevicus* for Eleanor B. Rosenthal.

*Robert E. McLaughlin* (*Ross D. Ginsberg* with him) for W. Donald Campbell.