COMMONWEALTH *vs.* DENNIS CONNOLLY.

No. 99-P-44.

Suffolk. March 9, 2000. - June 15, 2000.

Present: Kass, Gillerman, & Jacobs, JJ.

*Practice, Criminal,* Instructions to jury, Lesser included offense. *Assault and Battery by Means of a Dangerous Weapon. Intent. Assault and Battery.*

At the trial of an indictment alleging assault and battery by means of a dangerous weapon, the judge's instructions to the jury on the defendant's use of his foot, shod with an athletic shoe, as bearing on the dangerousness of the weapon and on the element of scienter, viz., the intent to unlawfully touch the victim, were entirely correct. [425]

At the trial of indictments alleging assault and battery and assault and battery by means of a dangerous weapon, the judge did not instruct the jury on assault and battery as a lesser included offense, nor did he instruct that convictions on both indictments must be based on separate acts; as a result, the jury may have convicted the defendant of both offenses based on the same act. [425-428]

INDICTMENTS found and returned in the Superior Court Department on January 23, 1998.

The cases were tried before *Barbara J. Rouse*, J.

*Thomas C. Foley* for the defendant.

*Linda Marie Poulos*, Assistant District Attorney, for the Commonwealth.

GILLERMAN, J. The defendant was convicted by a Superior Court jury on two indictments, one charging assault and battery, G. L. c. 265, § 13A, the other charging assault and battery by means of a dangerous weapon, G. L. c. 265, § 15A. The defendant's conviction for assault and battery was placed on file with the defendant's consent; he was sentenced on the second charge.

On appeal, the defendant argues that there were various prejudicial defects in the judge's charge. We examine that argument in detail.

The few material facts are these. While walking down Cambridge Street in Boston, Danielle Hamilburg saw the defendant punch the victim several times. The victim fell to the ground, and the defendant stomped on his head twice with the heel of his sneaker.[1]

Hamilburg summoned police. When officers arrived, she identified the defendant (who was apprehended a short distance away) and he was placed under arrest.

At trial, the defendant presented the defense of misidentification. Other relevant facts are included in our analysis as necessary.

1. *Dangerous weapon.* Relying on certain passages appearing in *Commonwealth* v. *Appleby*, 380 Mass. 296, 308 (1980), the defendant argues that the trial judge erred in failing to instruct the jury that, in order to find the defendant guilty of assault and battery with a dangerous weapon, the jury must find — since a sneaker is not inherently dangerous — an "*intent* on the part of the defendant to use . . . [his sneaker] as a dangerous weapon" (emphasis added).

The argument is mistaken. The dangerousness of an object that is not inherently dangerous turns on the manner in which it is used (objective test), not the intention of the actor when using it (subjective test). *Appleby* makes this clear: the dangerousness of an object for the purposes of G. L. c. 265, § 15A, involves an objective inquiry focusing on " 'the nature . . . of the object as well as the way in which it is handled or controlled.' . . . A reasonable jury might well reach a different conclusion as to a riding crop when used in different circumstances." *Id.* at 307 n.5, quoting from *Commonwealth* v. *Tarrant*, 367 Mass. 411, 416 (1975).

The relevant contrast is to the criminal intent, or scienter, required for conviction of this crime. The jury must find an *intentional* touching without consent, excuse, or justification. *Commonwealth* v. *Garofalo*, 46 Mass. App. Ct. 191, 192-193 (1999). See *Commonwealth* v. *Ford*, 424 Mass. 709, 711 (1997).

The judge's instructions adhered closely to this established framework for dangerousness and scienter. There was no error.

2. *Other instructions.* The defendant argues that it was

---

[1]Hamilburg testified that the defendant was wearing "sneakers." The testimony of the police officer at the scene was to the same effect; she testified that the defendant was wearing "athletic shoes."

prejudicial error for the judge to have refused his requested instruction (i) that assault and battery is a lesser included offense of assault and battery with a dangerous weapon, and (ii) that, in order to convict the defendant on both indictments, the jury must conclude that the defendant had committed discrete criminal acts with respect to each indictment. See *Commonwealth* v. *Arriaga*, 44 Mass. App. Ct. 382, 389 (1998). It is undisputed that the judge omitted these instructions over the defendant's objections.[2]

Assault and battery is a lesser included offense of assault and battery by means of a dangerous weapon. *Commonwealth* v. *Dreyer*, 18 Mass. App. Ct. 562, 566 (1984).[3] If a lesser included offense instruction is requested by the defendant or by the Commonwealth, the judge must give the instruction on a lesser included offense if the facts allow, as was the case here. *Commonwealth* v. *Woodward*, 427 Mass. 659, 662-663 (1998). *Commonwealth* v. *Gilliard*, 46 Mass. App. Ct. 348, 350-351 (1999). The judge instructed the jury that they must determine whether the defendant's use of his sneaker constituted a dangerous weapon — which itself suggested the need of a lesser included offense instruction, yet none was given. The result was that the jury were deprived of the option of convicting on the lesser included offense, assault and battery, and were erroneously left, over the defendant's objection, with an all-or-nothing choice on the charge of assault and battery with a dangerous weapon. See *Commonwealth* v. *Woodward*, 427 Mass. at 664-665 (jury should not be forced "to choose between convicting the defendant of an offense not fully established by the evidence or acquitting, even though the defendant is guilty of some offense"); *Commonwealth* v. *Drewnowski*, 44 Mass. App. Ct. 687, 692 (1998).

---

[2]The defendant adequately preserved these points for review by pressing his objections to the point where it would have been futile to object any longer. See *Commonwealth* v. *Drewnowski*, 44 Mass. App. Ct. 687, 691-692 (1998) (after defendant has presented argument and the judge has rejected it, he need not subsequently make patently futile objections to preserve the point for review); *Commonwealth* v. *Dreyer*, 18 Mass. App. Ct. 562, 566 & n.4 (1984) (offer of proof not required when obviously futile to do so).

[3]When a defendant is charged with two offenses for the same act, an instruction regarding a lesser included offense may not be available if each of the two applicable statutes requires proof of an additional fact that the other does not. *Commonwealth* v. *Crocker*, 384 Mass. 353, 358 (1981). *Commonwealth* v. *Thomas*, 400 Mass. 676, 681 (1987). Assault and battery, G. L. c. 265, § 13A, does not require proof of any fact which assault and battery with a dangerous weapon, G. L. c. 265, § 15A, does not.

The error, which was plainly prejudicial to the defendant,[4] requires reversing the conviction on the charge of assault and battery with a dangerous weapon. *Commonwealth* v. *Yunggebauer*, 23 Mass. App. Ct. 46, 48 (1986) (failure to instruct, on request, regarding available lesser included offense is reversible error).

It is possible that the assault and battery charge could have been ruled by the judge to refer to "a wholly separate act (and thus not a lesser included offense)," since the defendant first hit the victim with his fists, and only after the victim fell to the ground did he kick the victim with his sneaker. See *Commonwealth* v. *Sanchez*, 405 Mass. 369, 381 (1989). However, the judge did *not* instruct the jury that convictions on both charges must be based on separate acts.[5] Consequently, the jury may have wrongly concluded that they could convict on both indictments based only on the kicking episode. See *Commonwealth* v. *Thomas*, 400 Mass. 676, 681-682 (1987) (judge failed to instruct the jury that the two convictions must be based on separate acts where there are separate charges that might otherwise constitute a lesser included and a greater offense; the judge's instructions became the "law of the case," and the jury "may well have convicted the defendants of both [the lesser included and the greater offenses] based on the same acts or series of acts"). See also *Commonwealth* v. *Sanchez*, 405 Mass. at 381-382.

The guilty verdict on the indictment charging assault and battery by means of a dangerous weapon is vacated, and the judgment is reversed. Because, as indicated above, the jury may have convicted the defendant on the assault and battery charge on the basis of the kicking episode, it would appear that the

---

[4]The possibility of a conviction for assault and battery on the second indictment does not undercut the defendant's argument since he was left exposed to guilty verdicts on the two indictments. That, of course, is what actually occurred here.

[5]At the conclusion of instructions regarding the elements of assault and battery with a dangerous weapon, the judge did refer to the words of the indictments, "a dangerous weapon, to wit: a shod foot." However, nowhere in her instructions regarding assault and battery did the judge refer to the need to base a conviction on that charge upon acts separate and apart from the acts providing the basis for a conviction of assault and battery by means of a dangerous weapon. The effect of that omission was to nullify whatever distinctions may have been imparted by the judge's earlier reference to a "shod foot."

defendant may not be retried for that offense. See *Commonwealth* v. *Arriaga*, 44 Mass. App. Ct. 382, 384 (1998) (double jeopardy clause prohibits "a second prosecution for the same offense after conviction"). The defendant was convicted of the assault and battery charge, and that case was placed on file with the defendant's consent. The Commonwealth may, on remand, bring that case forward for sentencing. See *Commonwealth* v. *Brandano*, 359 Mass. 332, 336 (1971); *Commonwealth* v. *Bianco*, 388 Mass. 358, 364-365, 370 (1983) (guilty verdict of indictment for manslaughter set aside and judgment to be entered for the defendant; the conviction of assault and battery charge, which had been placed on file, could be brought forward for sentencing).

The cases are remanded to the Superior Court for further proceedings.

*So ordered.*