COMMONWEALTH *vs.* DEBORAH A. LEFEBVRE (and a companion case[1]). No. 02-P-249. February 4, 2004. *Dangerous Weapon. Assault and Battery by Means of a Dangerous Weapon. Assault with Intent to Murder. Practice, Criminal,* Instructions to jury.

In the early morning hours of May 7, 2000, Deborah Lefebvre and Stacey Thiede grabbed William LaBonte by the ankles at the top of the Hadley Overpass in North Adams, flipped him over the railing, and threw him into the concrete flood control chute more than forty feet below. There was about a foot of water in the chute. The victim, fifty-one years old, was seriously injured. The defendants were convicted of assault and battery by means of a dangerous weapon, G. L. c. 265, § 15A(b), and assault with intent to murder. G. L. c. 265, § 15. On appeal, the defendants claim that the judge erred in denying their motions for required findings of not guilty because there was

---

[1]Commonwealth *vs.* Stacey L. Thiede.

insufficient evidence that they intended to use the concrete flood chute as a dangerous weapon or that they had a specific intent to kill. They also claim that the judge's instructions on assault and battery by means of a dangerous weapon were faulty. We affirm the convictions.

Although the defendants and the victim lived about five houses away from each other on a street not far from the overpass, they did not know each other except in passing. There is no evidence of motive in the record before us. On the night of the assault, the victim had spent much of the day drinking and playing pool at several different bars on the opposite side of the overpass from his house. Apparently, the defendants also spent the evening pursuing the same activities at a different bar.

On the victim's way back to his house at 2:00 A.M., he encountered Thiede at the base of the overpass. He offered to share the marijuana cigarette he had been carrying around most of the day; she accepted. As they approached the top of the overpass, Lefebvre appeared. She motioned to Thiede and the two engaged in a brief whispered conversation. The defendants then approached the victim and flipped him over the rail into the flood chute below. He sustained a broken hip and cut his head.

The victim described himself as being five feet five inches tall and weighing 135-140 pounds. Thiede appeared to be five feet four or five inches tall and weigh 150-160 pounds. Lefebvre was five feet six or seven inches tall and 230 pounds.

1. *The flood chute as a dangerous weapon.* The defendants acknowledge, as they must, that "one who intentionally uses concrete pavement as a means of inflicting serious harm can be found guilty of assault and battery by means of a dangerous weapon." *Commonwealth* v. *Sexton*, 425 Mass. 146, 152 (1997) (banging the victim's head against the pavement constitutes assault and battery with a dangerous weapon). They argue, however, that the Commonwealth failed to prove that the defendants intended to use the concrete aqueduct as a dangerous weapon. Rather, they claim the victim's collision was incidental to his fall from the overpass and point out that there was no evidence that they were aware there was concrete beneath the twelve inches of water at the bottom of the chute. As the Commonwealth correctly points out, this argument is inconsistent with our case law.

The Commonwealth was not required to prove that the defendants intended to use the chute as a dangerous weapon. "The dangerousness of an object that is not inherently dangerous turns on the manner in which it is used (objective test), not the intention of the actor when using it (subjective test)." *Commonwealth* v. *Connolly*, 49 Mass. App. Ct. 424, 425 (2000). "The essential question when an object which is not dangerous per se . . . is alleged to be a dangerous weapon . . . [is] 'whether the object, as used by the defendant, is capable of producing serious bodily harm.' " *Commonwealth* v. *Tevlin*, 433 Mass. 305, 310 (2001), quoting from *Commonwealth* v. *Mercado*, 24 Mass. App. Ct. 391, 397 (1987).

Here there was evidence the jury could have credited that the defendants lived near the chute, that the walls of the chute were thirty feet high, and that lights in a nearby park provided illumination of the walls on the night in question. The victim testified that he saw the water in the chute from the overpass. Even if the shallow water level were not clearly visible, the distance

from the overpass to the chute combined with the extent of the cement with which the victim was likely to collide, was surely likely to cause serious bodily harm.

2. *Assault with intent to murder.* Again relying on their claimed lack of knowledge of the height of the overpass or the depth of the water in the concrete chute, the defendants claim there was insufficient proof that they intended to kill the victim. We disagree. "[A]n intent to kill may be inferred from the defendant[s'] conduct." *Commonwealth* v. *Henson,* 394 Mass. 584, 591 (1985). There was evidence in this case from which the jury could have inferred the requisite intent. The jury took a view of the overpass, and thus had an opportunity to see the height of the overpass firsthand. In addition, the height of the overpass had to be apparent in the photographs admitted in evidence. Upon meeting on the overpass after spending the evening together (we do not speculate as to whether their separation in the vicinity of the overpass was deliberate), the defendants had a furtive conversation, which the jury could have taken to be part of a plan, before throwing the victim off the overpass. Once the victim was screaming in pain and calling for help, the defendants made no effort to assist the victim or even to encourage others to do so. There was sufficient evidence to support the jury's findings of guilt.

3. *Instruction on assault and battery by means of a dangerous weapon.* The defendants claim that the judge's instruction on assault and battery by means of a dangerous weapon failed to instruct that the Commonwealth had the burden of proving beyond a reasonable doubt that each defendant intended to use the concrete chute to injure the victim by touching him with the concrete. Regardless of the standard of review, there was no error. When read as a whole the instructions as given made clear the Commonwealth's burden. The judge was not required to give the instruction for which the defendants advocate. See *Commonwealth* v. *Tevlin,* 433 Mass. at 313.

*Judgments affirmed.*

*Charles K. Stephenson* for Stacy L. Thiede.

*William S. Smith* for Deborah A. Lefebvre.

*Joseph A. Pieropan,* Assistant District Attorney, for the Commonwealth.