COMMONWEALTH *vs.* JAMES P. DREWNOWSKI.

No. 96-P-0767.

Hampden. October 14, 1997. - May 5, 1998.

Present: GREENBERG, SMITH, & FLANNERY, JJ.

*Robbery. Practice, Criminal,* Instructions to jury, Lesser included offense.

No substantial risk of a miscarriage of justice was created in a criminal case by the judge's failure to instruct the jury on assault with intent to rob as a lesser included offense of unarmed robbery, where, viewing the evidence as a whole, there was no plausible likelihood that the outcome of the trial would have been different had the instruction been given. [688-691]

At the trial of an indictment for unarmed robbery, the judge should have instructed the jury on the lesser included offense of larceny from the person where the evidence warranted it, and a new trial was required. [691-693]

INDICTMENTS found and returned in the Superior Court Department on June 16, 1994.

The case was tried before *Daniel A. Ford,* J.

*Benjamin H. Keehn,* Committee for Public Counsel Services, for the defendant.

*Jane Davidson Montori,* Assistant District Attorney, for the Commonwealth.

FLANNERY, J. A Superior Court jury found the defendant guilty of unarmed robbery, G. L. c. 265, § 19(*b*).[1] On appeal, the defendant contends that the trial judge erred twice (1) in not instructing the jury on the lesser included offenses of larceny from the person of another, G. L. c. 266, § 25(*b*), and assault with intent to rob, G. L. c. 265, § 20; and (2) in not allowing his motion for a required finding of not guilty of unarmed robbery. We conclude that the denial of the motion for a required finding and the lack of an instruction on assault with intent to

---

[1]The jury returned a verdict of not guilty on a charge of assault and battery by means of a dangerous weapon, G. L. c. 265, § 15A(*b*).

rob were not error. However, the judge's failure to instruct on the lesser included larceny offense was error necessitating reversal.

On May 4, 1994, the defendant allegedly took money from the cash register of a Sunoco gas station and then, while escaping, threw a socket wrench at the gas station attendant, Christopher Bozyk, who was attempting to hold the defendant at the scene until the police could arrive. Bozyk testified that, as he was returning from assisting a customer, he found the defendant inside the attendant's booth. He asked the defendant what he was doing there, and the defendant replied, "I was waiting for you . . . to rob you." The defendant then "pushed by" Bozyk — "[n]ot a push like this, but a movement" — toward the cash register. Bozyk saw the defendant reach into the cash drawer and then try to leave the booth. Bozyk picked up a socket wrench and grabbed the defendant's coat. The defendant was able to slip out of his coat and run outside. Bozyk attempted to hold him again, but the defendant broke free, knocking Bozyk to the ground and causing him to drop the wrench. Bozyk testified that the defendant then picked up the wrench and, as he rode away on his bicycle, threw it at Bozyk — striking him on the shoulder.[2] Bozyk also stated that as a result of the second struggle the defendant dropped some money on the ground, and that after the money was returned to the register, the account was even.

The defendant conceded that he walked into the attendant's booth at the Sunoco station with the intent to take money from the cash register. He testified, however, that the drawer was empty when he reached inside it. When Bozyk entered the booth, the defendant explained to him that he was looking for a job application. Bozyk then stepped into the doorway, told the defendant that the police were coming, and grabbed him by the coat. The defendant asked Bozyk to let him go, and when Bozyk refused, he pulled out of his coat and rode away on his bicycle. The defendant denied throwing the socket wrench.

*Jury instruction on the lesser included offenses.* The defendant contends that the judge erred in declining to instruct

---

[2]On cross-examination, Bozyk agreed he did not inform the police at the scene that he was struck by the socket wrench, but later, at the police station, he included this claim in his signed statement.

on assault with intent to rob[3] and on larceny from the person of another[4] as lesser included offenses of unarmed robbery.[5] The Commonwealth argues that the defendant failed to preserve the issue for appeal under Mass.R.Crim.P. 24(b), 378 Mass. 895 (1979). At the conclusion of the evidence, the defendant made an oral request for a jury instruction on larceny from the person, which the judge immediately rejected. The judge then suggested that he might instruct on the lesser included offense of assault with intent to rob. The defendant agreed, and the judge decided to reserve his decision until the next morning.

(a) An instruction on the lesser included offense of assault with intent to rob was not mentioned the following morning before the jury were charged, and it was not given to the jury as an instruction. The defendant made no objection after the jury were charged.[6] The defendant's agreement with the judge's suggestion was not a request for an instruction. By not requesting such an instruction and failing to object to its omission, the defendant waived any right to claim error on appeal. See *Commonwealth* v. *Torres*, 420 Mass. 479, 482-483 (1995). "It is a fundamental rule of practice that where a party alleges error in a charge he must bring the alleged error to the attention of the judge in specific terms in order to give the judge an opportunity

---

[3]General Laws c. 265, § 20, defines assault with intent to rob:

"[W]hoever, not being armed with a dangerous weapon, assaults another with force and violence and with intent to rob or steal shall be punished . . . ."

[4]General Laws c. 266, § 25(*b*), as appearing in St. 1981, c. 678, § 5, in pertinent part states:

"Whoever commits larceny by stealing from the person of another shall be punished . . . ."

[5]General Laws c. 265, § 19(*b*), as appearing in St. 1981, c. 678, § 4, defines unarmed robbery:

"Whoever, not being armed with a dangerous weapon, by force and violence, or by assault and putting in fear, robs, steals or takes from the person of another, or from his immediate control, money or other property which may be the subject of larceny, shall be punished . . . ."

[6]The judge announced the following morning that only the crimes charged in the indictments would be referred to, and the defendant made no objection.

to rectify the error, if any." *Ibid.*, quoting from *Commonwealth v. Keevan*, 400 Mass. 557, 564 (1987).

The defendant argues that, regardless of waiver, the judge should have given that lesser included instruction because there was sufficient evidence to support it. Therefore, the argument runs, a new trial should be granted to avoid a substantial risk of a miscarriage of justice. See *Commonwealth v. Freeman*, 352 Mass. 556, 563-64 (1967). Although, "[o]rdinarily, even in the absence of a specific request, rule 24(b) notwithstanding, a judge should instruct on lesser included offenses when there is a rational basis in the evidence to do so," *Commonwealth v. Yunggebauer*, 23 Mass. App. Ct. 46, 52 (1986), we do not believe application of the *Freeman* principle is warranted in this case.

Three elements are preconditions for the application of the *Freeman* exception:

> "First, there must be a genuine question of guilt or innocence. Where evidence of guilt is strong and one-sided, it is generally concluded that no substantial risk exists of a miscarriage of justice. See *Commonwealth v. Rembiszewski*, 391 Mass. [123,] 134-135 (1984); *Commonwealth v. Hughes*, 380 Mass. 596, 601-602 (1980). Compare *Commonwealth v. Rossi*, 19 Mass. App. Ct. 257, 259-260 (1985). Second, the error must be sufficiently significant in the context of the trial to make plausible an inference that the result might have been otherwise but for the error. See *Gibson v. Commonwealth*, 377 Mass. 539, 543 (1979) ("one [defective] sentence in charge which occupies fifty-seven pages of transcript"). Compare *Commonwealth v. Shelley*, 374 Mass. 466, 470 (1978). Third, it must be inferable from the record that counsel's failure to object was not simply a reasonable tactical decision. See, e.g., *Commonwealth v. Johnson*, 374 Mass. 453, 464-465 (1978)" (footnote omitted).

*Commonwealth v. Amirault*, 424 Mass. 618, 650-651 (1997), quoting from *Commonwealth v. Miranda*, 22 Mass. App. Ct. 10, 21 (1986).

This is not a case where the evidence was one-sided. There was sufficient evidence, however, for a jury to conclude that the defendant was guilty of unarmed robbery. The Commonwealth

presented evidence that the money was taken, and force thereafter effectuated the taking. See *Commonwealth* v. *Assad*, 19 Mass. App. Ct. 1007, 1008-1009 (1985) (even though force was only used to facilitate escape, it was sufficient that force was "connected to the objective of stealing property").

We do not believe that the absence of the instruction was "sufficiently significant" to "make plausible an inference that the result might have been otherwise but for the error." *Commonwealth* v. *Miranda*, 22 Mass. App. Ct. at 21. Furthermore, because the defendant did not object to the absence of the instruction, he must show that, "taking the proceedings as a whole, the purpose and value of [the instruction] ha[s] not been sufficiently served and that as a result there is a substantial risk that the outcome of the trial would have been different. A mere possibility of a different outcome will not satisfy this burden." *Commonwealth* v. *Amirault*, 424 Mass. at 651-652. Here, the defendant testified to the events of May 4, 1994. The jury found him guilty of unarmed robbery; thus, it is clear they rejected his version of whether money was taken from the cash drawer.

The Commonwealth contends that the defendant did not request the instruction or object to its omission because he had decided to pursue an "all-or-nothing" defense. We do not adopt that view, but we note that, "[o]ur power to upset a completely adjudicated conviction [in order to prevent a miscarriage of justice] is an extraordinary one which should only be exercised in the most unusual circumstances." *Id.* at 646. In any event, viewing the evidence as a whole, there was not a substantial risk of a miscarriage of justice.

(b) The defendant did not object to the omission of an instruction on the lesser included offense of larceny from the person of another. We believe, however, that his request for such an instruction at the charge conference following the close of the evidence sufficed to preserve the issue for our review.

The Commonwealth argues again that the defendant decided not to object because he was pursuing an "all-or-nothing" defense. We do not find any indication that the defendant had chosen that course. From the record, it is more reasonable to infer that the defendant believed an objection would be futile. "[T]he point was brought to the judge's attention, and he rejected it. If at the charge conference the judge had stated that the defendant's rights were saved, certainly the issue would have been preserved for appellate review without the need for a

postcharge objection." *Commonwealth* v. *Biancardi*, 421 Mass. 251, 254 (1995). It is not always necessary that a defendant object following the judge's rejection of his request in order to preserve the issue for appeal. See *id.* at 253-254 ("the request for a consequences instruction, the judge's rejection of that request, and the giving of an instruction inconsistent with the defendant's request satisfied the requirements of Mass.R.Crim.P. 24[b]"). See *Commonwealth* v. *Matos*, 394 Mass. 563, 565 (1985) (although the defendant did not formally object, his request for the instruction before the jury deliberated was in accordance with Mass.R.Crim.P. 24[b]).

It is established that, "[w]hen the evidence permits a finding of a lesser included offense, a judge must upon request, instruct the jury on the possibility of conviction of the lesser crime." *Commonwealth* v. *Roberts*, 407 Mass. 731, 737 (1990), quoting from *Commonwealth* v. *Hobbs*, 385 Mass. 863, 871 (1982). "[T]he doctrine of a lesser included offense serves a public purpose: it 'allows the jury . . . to convict of the offense established by the evidence, rather than forcing it to choose between convicting the defendant of an offense not fully established by the evidence or acquitting, even though the defendant is clearly guilty of some offense.' " *Commonwealth* v. *Walker*, 42 Mass. App. Ct. 14, 16, *S.C.*, 426 Mass. 301 (1997), quoting from the Model Penal Code § 1.07 comment 5, at 132 (1985). "[T]he test is whether . . . the evidence presents 'a rational basis for acquitting the defendant of the crime charged and convicting him of the lesser included offense.' " *Commonwealth* v. *Thayer*, 418 Mass. 130, 132 (1994), quoting from *Commonwealth* v. *Santo*, 375 Mass. 299, 305 (1978). Thus, if the evidence is sufficiently in dispute at the trial so that a jury may rationally find the defendant not guilty of the greater and guilty of the lesser offense, a judge should give a lesser included offense instruction. See *Commonwealth* v. *Thayer*, at 133, quoting from *Commonwealth* v. *Vasquez*, 27 Mass. App. Ct. 655, 660 (1989) (the "test to determine if an instruction on a lesser included offense is required does not depend on whether there is an objection by the defendant or the Commonwealth but rather whether the evidence supports the giving of such instruction").

The Commonwealth contends that larceny from the person is not a lesser included offense where, as here, the taking is not from the person but from his control. The prosecutor urges that

larceny from the person is limited to taking from the victim's person.

"[I]t is settled law that larceny from the person is a lesser included offense of unarmed robbery." *Commonwealth* v. *Ahart*, 37 Mass. App. Ct. 565, 570 (1994), citing *Commonwealth* v. *Jones*, 362 Mass. 83, 85-87 (1972). See *Commonwealth* v. *Lashway*, 36 Mass. App. Ct. 677, 679-680 (1994). See Perlin, Mottla's Proof of Cases in Massachusetts § 65:3, at 524-525 (3d ed. 1993) ("[i]n order to make out the crime of robbery from the person without being armed, the prosecution has the burden of proving larceny from the person by force and violence or by putting in fear"). "To prove larceny all the elements of robbery, except the element that the taking was accomplished by force or fear, must be shown." *Commonwealth* v. *Santo*, 375 Mass. at 307. A lesser included offense instruction is warranted if an element distinguishing the two crimes is sufficiently in dispute so that a jury could rationally find the defendant "innocent of the greater and guilty of the lesser included offense." *Commonwealth* v. *Egerton*, 396 Mass. 499, 504 (1986), quoting from *United States* v. *Brischetto*, 538 F.2d 208, 209 (8th Cir. 1976). We conclude the jury could have found against the Commonwealth on the question whether the taking was by means of force or fear — a disputed issue.

"In determining whether any view of the evidence would support a conviction on a lesser included offense, 'all reasonable inferences must be resolved in favor of the defendant.' " *Commonwealth* v. *Gilmore*, 399 Mass. 741, 746 (1987), quoting from *Commonwealth* v. *Vanderpool*, 367 Mass. 743, 746 (1975). Here, the jury could have concluded that force and violence were not exerted on Bozyk by the defendant, and that the property was not taken by means of putting Bozyk in fear. The defendant testified that Bozyk was the aggressor, not he. Indeed, Bozyk's testimony may have reasonably led the jury to find that when the defendant moved by him it was not an act of force, and that the defendant's actions and words did not induce fear (Bozyk having made several attempts to detain the defendant). The jury might also have believed the defendant's testimony that he did not throw the wrench at Bozyk.

We conclude that it was error for the trial judge not to instruct on the lesser included offense of larceny from the person. Accordingly, the judgment of conviction for unarmed robbery

under G. L. c. 265, § 19(*b*), is reversed, and the case is remanded to the Superior Court.

*Judgment reversed.*