After a jury trial, the defendant was convicted of motor vehicle homicide by way of negligent operation, in violation of G. L. c. 90, § 24G(b ). On appeal, the defendant asserts several trial errors. We affirm.
Background. We briefly summarize the facts the jury could have found. The defendant was nineteen years old on September 15, 2013, and was home from college for the weekend visiting with his family at their home in Walpole. He and his brother played golf that afternoon, and his brother allowed the defendant to drive his red 2000 Chevrolet Corvette home from the golf course. While traveling on a narrow and winding road in Canton, the defendant collided with a Chevrolet Trailblazer traveling in the opposite direction. The driver of that Trailblazer, Mary Morningstar, was killed as a result of the accident.
One witness who lived on the road where the crash took place testified to hearing a car accelerating and looking up to see the defendant's Corvette "fly by" his house at "[more] than the speed limit" of [twenty] miles per hour. Another witness heard a "ferociously loud noise of a vehicle" and saw a flash of red outside her window. Each of them, and several other witnesses, then heard the sound of the accident, which took place approximately 200 yards from the intersection where the defendant took a right turn. A State police trooper who conducted a reconstruction of the accident testified that the approximate area of impact was twenty-nine inches into the victim's travel lane. A forensic pathologist testified that the victim's death was caused by lacerations to her heart, caused by blunt force injury to her chest during the accident.
The defendant now asserts that the judge committed the following errors at trial: (1) improperly denying a motion to admit expert testimony regarding the victim's toxicology report; (2) improperly denying a motion to exclude lay opinion as to the speed of the vehicle based on sound; (3) improperly denying a motion to exclude certain autopsy photographs; (4) improperly refusing to issue a lesser-included jury instruction; (5) improperly failing to specifically reference the victim in his instruction on causation; (6) improperly refusing to instruct the jury that speed alone does not amount to negligent operation of a motor vehicle; and (7) improperly excluding evidence that suggested the victim was improperly seated in her vehicle and was therefore contributorily negligent.
Discussion. We review asserted trial errors, when properly preserved at trial, for prejudicial error. The analysis requires a two-part inquiry. First, we must address whether an error occurred, and if so, we must then consider whether it was unduly prejudicial. For those asserted errors that were not preserved, we likewise review for error and, if established, whether that error created a substantial risk of a miscarriage of justice such that "we have a serious doubt whether the result of the trial might have been different had the error not been made." Commonwealth v. Dirgo, 474 Mass. 1012, 1016 (2016), quoting from Commonwealth v. Azar, 435 Mass. 675, 687 (2002).
a. Motions in limine. Three alleged errors stem from the judge's decisions regarding motions in limine prior to trial. As a preliminary matter, the defendant contends that the mere filing of those motions properly preserved the issues for appeal under the Supreme Judicial Court's decision in Commonwealth v. Grady, 474 Mass. 715, 724-725 (2016). The defendant's trial, however, took place prior to the issuance of Grady and it has been determined that Grady does not apply retroactively. See Commonwealth v. Vazquez, 478 Mass. 443, 448 n.2 (2017). As a result, any issues involving motions in limine that were denied will be reviewed for a substantial risk of a miscarriage of justice. See ibid.
Of the three motions in limine the defendant contends were erroneously denied -- regarding the victim's toxicology report,[2] the witness's lay testimony regarding the vehicle's speed based on sound, and the autopsy photographs -- only the issue of the toxicology report was sufficiently preserved to be reviewed for prejudicial error. We review that decision to determine whether the judge's denial of the motion amounted to an abuse of discretion, which occurs when a judge "made a 'clear error of judgment in weighing' the factors relevant to the decision ... such that the decision falls outside the range of reasonable alternatives." L.L. v. Commonwealth, 470 Mass. 169, 185 n.27 (2014), quoting from Similow v. Southwestern Bell Mobile Sys., Inc., 323 F.3d 32, 37 (1st Cir. 2003). The defendant sought to have an expert witness testify to the potential side effects and interaction between three prescription drugs that were discovered in the victim's blood. For such evidence to be properly admitted, the defense would need to establish, "at a minimum, (1) reliable evidence as to the amount or concentration of the drug in the defendant's system; and (2) expert testimony indicating that the concentration of the drug in the [victim's] system would impair her ability to operate a motor vehicle." Commonwealth v. Shellenberger, 64 Mass. App. Ct. 70, 76 (2005). As there was nothing to indicate the amount or concentration of any of the prescription drugs in the toxicology report, there was no abuse of discretion in the judge's denial of the defendant's motion.
Neither of the two other asserted errors stemming from the denials of the motions in limine were error, and therefore could not create a substantial risk of a miscarriage of justice. First, the defendant asserts error in the judge's admission of two autopsy photographs -- one showing the victim's heart on an autopsy table, the other depicting a medical examiner holding the heart while placing a finger through a hole torn through it as a result of the collision. The defendant argues each was highly prejudicial and not necessary to aid the jury in reaching their decision. The judge did not abuse his discretion in admitting them. The Commonwealth bore the burden of proving that the defendant's negligent driving was the cause of the victim's death. See Commonwealth v. Burke, 6 Mass. App. Ct. 697, 699 (1978) (elements of motor vehicle homicide include "thereby causing the death of a person"). It is well established that autopsy photographs, even "if apt to be inflammatory or otherwise prejudicial," may be admitted if relevant to an issue in the case. Commonwealth v. Bastarache, 382 Mass. 86, 106 (1980). A forensic pathologist testified that the victim's cause of death was lacerations to the heart caused by blunt force trauma to the chest. The two photographs were used as part of that witness's testimony, and helped explain the victim's cause of death. "The question whether the inflammatory quality of a photograph outweighs its probative value and precludes its admission is determined in the sound discretion of the trial judge." Commonwealth v. Amran, 471 Mass. 354, 358 (2015), quoting from Commonwealth v. Pena, 455 Mass. 1, 12 (2009). Given that the photographs had clear probative value, we conclude the judge's decision to admit them was well within the range of reasonable alternatives.
Finally, the judge did not err in allowing lay opinion with respect to the speed of the defendant's vehicle. "While an expert opinion is admissible only where it will 'help jurors interpret evidence that lies outside of common experience,' a lay opinion is admissible only where it lies within the realm of common experience." Commonwealth v. Canty, 466 Mass. 535, 541-542 (2013), quoting from Commonwealth v. Tanner, 45 Mass. App. Ct. 576, 581 (1998). "A lay opinion ... is admissible only where it is '(a) rationally based on the perception of the witness; (b) helpful to a clear understanding of the witness's testimony or the determination of a fact in issue; and (c) not based on scientific, technical, or other specialized knowledge.' " Id. at 541, quoting from Mass. G. Evid. § 701 (2013). "[L]ay witnesses who directly observe a motor vehicle while it is moving ... [may] offer an estimate of the speed of that vehicle." Peterson v. Foley, 77 Mass. App. Ct. 348, 351 (2010). See Commonwealth v. Giontzis, 47 Mass. App. Ct. 450, 461 (1999) (lay "opinions as to speed are competent and admissible"). The defendant challenges the testimony of a lay witness who stated that he heard the defendant's vehicle accelerating, that it was "driving fast" down his street, and that "[i]f the car's going [twenty] miles per hour you'll never make that sound." The witness's characterization of the defendant's vehicle speed, while based on sound, was grounded in his own personal perception and was not based on a specialized knowledge such that it would require an expert's opinion. See Peterson, supra. We conclude, therefore, that it was not unreasonable for the judge to permit the witness to testify, based on his perception of the sound that the vehicle was accelerating. See Peterson, supra; Canty, supra.
b. Jury instructions. The defendant further asserts that the judge erred three times when delivering his jury instructions. If properly preserved, we review these asserted errors for prejudice by "conduct[ing] a two-part test: 'whether the instructions were legally erroneous, and (if so) whether that error was prejudicial.' " Commonwealth v. Kelly, 470 Mass. 682, 688 (2015), quoting from Kelly v. Foxboro Realty Assocs.,LLC, 454 Mass. 306, 310 (2009). See Commonwealth v. Vick, 454 Mass. 418, 423 n.5 (2009). For those not preserved, we review for a substantial risk of a miscarriage of justice. See Commonwealth v. Marinho, 464 Mass. 115, 122 (2013). Under either standard of review, we first determine whether there was error under the abuse of discretion standard. See L.L., 470 Mass. at 185 n.27 ; Commonwealth v. Williams, 475 Mass. 705, 721-722 (2016). First, the defendant contends that the judge should have instructed the jury on the lesser included offense of negligent operation. Second, he argues that the judge erred in instructing the jury on intervening causation of the accident without specifically referring to the victim. Finally, the defendant asserts error in the judge's refusal to instruct the jury that speed alone does not amount to negligent operation.
The defendant did not object to the judge's refusal to issue a lesser included instruction. It is true that "operating to endanger is a lesser included offense of vehicular homicide" because of the latter's additional aggravating factor of a victim's resultant death. Commonwealth v. Williams, 73 Mass. App. Ct. 833, 837, 838 (2009). However, "[t]he test for deciding when an instruction on a lesser included offense should be given to the jury is whether the evidence at trial presents 'a rational basis for acquitting the defendant of the crime charged and convicting him of the lesser included offense.' " Commonwealth v. Donlan, 436 Mass. 329, 335 (2002), quoting from Commonwealth v. Drewnowski, 44 Mass. App. Ct. 687, 692 (1998). In the present case, the defense was that the defendant was in control of the vehicle and the collision was caused by the victim crossing over into his lane. In contrast, the Commonwealth presented evidence suggesting that the defendant was operating negligently and that the crash took place in the victim's lane. As such, the jury were asked to choose between two alternative theories: either the defendant was not operating negligently, or his negligent operation led to the collision and the victim's death. As such, the judge did not err in declining to instruct the jury on the lesser included offense. See Donlan, supra.
The remaining two jury instruction challenges were preserved. As it relates to the judge's refusal to specifically reference the victim when instructing the jury on intervening causes, there was no abuse of discretion. The defendant requested that the victim be directly referenced in place of the judge's use of the phrase "third person." In response to the request, the judge stated that the jury are "not going to get confused" by his use of third party and denied the motion. As the judge properly stated the applicable law, we discern no error. See Kelly, supra.
Similarly, the judge did not err in refusing to instruct the jury that speed alone does not amount to negligent operation of a motor vehicle. It is true that "[e]xcessive speed, by itself, does not mandate such a finding, but it can be considered in combination with other evidence, in determining whether the defendant's operation constituted negligent operation." Commonwealth v. Duffy, 62 Mass. App. Ct. 921, 922 (2004). See Commonwealth v. Ross, 92 Mass. App. Ct. 377, 379 (2107). The judge's instructions, consistent with the law, adequately conveyed the defendant's rate of speed and manner of operation as one of the factors the jury may consider in determining whether the defendant drove negligently, in a manner that might have endangered the public. There was no error, therefore, in the judge's decision to deny the defendant's request to emphasize that speed alone was insufficient to support a conviction. See Duffy, supra.
c. Contributory negligence. The defendant's final asserted error stems from the judge's prohibition against defense counsel from suggesting to the jury during his closing argument that the victim may have been improperly seated in her vehicle such that she was contributorily negligent. Because this issue was not preserved, it is reviewed for a substantial risk of a miscarriage of justice. To be clear there was expert testimony suggesting that the victim may have been leaning over in her seat at the time of the accident. That testimony, however, was based solely on data recorded by the vehicle's computer system and did not have any further basis in evidence. Additionally, the judge properly sought to eliminate contributory negligence arguments by the defense as "[i]n criminal cases, as opposed to civil negligence suits, a victim's contributory negligence, even if it constitutes a substantial part of proximate cause (but not the sole cause), does not excuse a defendant whose conduct also causes the death of another." Commonwealth v. Angelo Todesca Corp., 446 Mass. 128, 142 (2006), quoting from Commonwealth v. Campbell, 394 Mass. 77, 87 (1985). As such, the judge properly limited the scope of the defendant's argument and we conclude there was no substantial risk of a miscarriage of justice.
Judgment affirmed.

The Commonwealth filed a motion in limine seeking to preclude reference to prescription medications in the victim's blood. The motions were argued together, with the Commonwealth's being allowed and the defendant's being denied.