After a jury trial in the District Court, the defendant, Lisa Lebel, was convicted of operating a motor vehicle under the influence of alcohol (OUI). On appeal she contends that the jury instruction concerning intoxication, when both alcohol and prescription medicine are involved, was erroneous; that a police officer offered improper opinion testimony; and that the evidence was insufficient to prove the defendant's guilt of OUI beyond reasonable doubt. We affirm.
Jury instruction. The testimony at trial included evidence that the defendant had been drinking alcohol and also "that she had taken two five milligram Vicodins" about four hours before her arrest. The defendant objected to the judge's instruction from Commonwealth v. Stathopoulus, 401 Mass. 453, 457 (1988), to the effect that a defendant may be found guilty of OUI if alcohol is a contributing cause of her diminished ability to operate a vehicle safely. Defense counsel's objection was based on the absence of evidence concerning the effects of Vicodin. On the facts of this case, the instruction was warranted. See Commonwealth v. Bishop, 78 Mass. App. Ct. 70, 75 (2010).
On appeal, the defendant argues that the judge erred by not giving the supplemental instruction that if alcohol was not a cause of the defendant's diminished capacity, the defendant must be acquitted. See id. at 72, quoting Commonwealth v. Wallace, 14 Mass. App. Ct. 358, 365 (1982) ; Criminal Model Jury Instruction for Use in the District Court, Instruction 5.310 (2013). Because the defendant did not raise this objection at trial, we review to determine whether any error created a substantial risk of a miscarriage of justice. See Commonwealth v. Drewnowski, 44 Mass. App. Ct. 687, 689-690 (1998).
The judge did not err by omitting the supplemental instruction. The defendant did not request the instruction, nor did he bring its omission to the judge's attention. "Judges need not deliver their instructions in any particular form of words, so long as all necessary instructions are given in adequate words." Commonwealth v. Torres, 420 Mass. 479, 484 (1995). The instruction as a whole, see Commonwealth v. Niemic, 427 Mass. 718, 720 (1998), informed the jury that they were required to find that alcohol contributed to the defendant's diminished ability, even if some other factor contributed to the alcohol's effect. As instructed, the jury could not convict the defendant if Vicodin was the sole cause of her intoxication and alcohol played no role.
Moreover, even if the instruction was imperfect, we discern no risk of a miscarriage of justice, much less a "substantial" one. Because the defendant did not pursue a defense of involuntary intoxication based on the unknown effects of Vicodin, a Wallace instruction was not warranted. The defendant "has no right to the instruction ... that she was entitled to an acquittal if she did not know that her medication, when taken with alcohol, could result in intoxication." Bishop, 78 Mass. App. Ct. at 75.
Police officer opinion evidence. Officer Matthew McGrath testified that the defendant's inability to stay on the line, follow instructions, or maintain her balance during the nine-step walk-and-turn field sobriety test "indicates possible impairment," and that her lack of balance during the one-leg stand test was also "a sign of impairment." When asked his opinion of the defendant's sobriety, he answered, "It was my opinion that she was intoxicated." The defendant did not object to any of this testimony.
McGrath's testimony was permissible. A police officer is permitted to testify that a defendant is "probably impaired," "drunk," or "intoxicated." See Commonwealth v. Canty, 466 Mass. 535, 540, 544 (2013). McGrath did not offer the impermissible testimony that the defendant's "ability to drive was diminished." Id. at 544. Even if McGrath's testimony exceeded the scope of a permissible opinion as to the defendant's sobriety, we discern no risk of a miscarriage of justice. Any such risk was mitigated by the judge's instructions that the "[p]olice officers' testimony, including his opinion of the defendant's condition, does not carry more weight" than any other evidence; that the jury's "opinion of the defendant's capacity to operate safely" is the only opinion that determines guilt or innocence; and that the jury "may accept or reject" the evidence regarding the defendant's performance of field sobriety tests.
Sufficiency of the evidence. Under the familiar Latimore standard, the evidence is sufficient to sustain a conviction if, viewed in the light most favorable to the Commonwealth, any rational jury could find the elements of the crime beyond a reasonable doubt. Commonwealth v. Latimore, 378 Mass. 671, 677-678 (1979). "The relevant question is whether the evidence would permit a jury to find guilt, not whether the evidence requires such a finding." Commonwealth v. Brown, 401 Mass. 745, 747 (1988).
The evidence that the defendant was under the influence of alcohol was sufficient. (The sufficiency of the evidence on the elements of operation and public way are not contested). When McGrath approached the defendant's car, it was parked with the engine running as she exited the driver's seat to "look for free items on the side of the road." She had driven four miles from her home. She smelled of alcohol, her eyes were bloodshot, she admitted that she had consumed alcohol, she performed poorly on the field sobriety tests, and McGrath formed the opinion that she was intoxicated. This evidence was sufficient to sustain the jury's conclusion.
Judgment affirmed.