NOTICE:  All slip opinions and orders are subject to formal revision and are superseded by the advance sheets and bound volumes of the Official Reports.  If you find a typographical error or other formal error, please notify the Reporter of Decisions, Supreme Judicial Court, John Adams Courthouse, 1 Pemberton Square, Suite 2500, Boston, MA, 02108-1750; (617) 557-1030; SJCReporter@sjc.state.ma.us

SJC-12363

COMMONWEALTH  vs.  WILLIAM McDONAGH.


Suffolk.     January 5, 2018. - July 26, 2018.

Present:  Gants, C.J., Lenk, Gaziano, Lowy, Budd, Cypher, & Kafker, JJ.


Rape.  Indecent Assault and Battery.  Obscenity, Child
    pornography.  Evidence, Prior misconduct, Obscenity, State
    of mind.  Practice, Criminal, Argument by prosecutor, State
    of mind, Objection.


Indictments found and returned in the Superior Court Department on September 30, 2014.

The cases were tried before Christine M. Roach, J.

After review by the Appeals Court, the Supreme Judicial Court granted leave to obtain further appellate review.


Patrick Levin, Committee for Public Counsel Services, for the defendant.
John P. Zanini, Assistant District Attorney (Claudia Arno & Sarah McEvoy, Assistant District Attorneys, also present) for the Commonwealth.


LOWY, J.  In 2014, William McDonagh was convicted on two

indictments charging aggravated statutory rape, in violation of

G. L. c. 265, § 23A, and three indictments charging indecent assault and battery on a child under the age of fourteen, in violation of G. L. c. 265, § 13B, arising out of instances of sexual abuse the defendant committed against his minor son.

At issue in this appeal is whether the prosecutor, with permission from the trial judge, made improper remarks in her closing argument. The comment at issue concerned the purposes for which the jury could consider other bad act evidence that had been properly admitted through a stipulation of the parties -- specifically, that the defendant had been arrested for, and admitted to, possession of child pornography. Despite this evidence having been admitted for certain limited purposes, including to corroborate the son's testimony that the defendant showed him child pornography while committing the acts of abuse at issue, the judge allowed the Commonwealth to argue to the jury that they could consider the evidence to demonstrate the defendant's "state of mind," that he was sexually attracted to children. The defendant argues that this evidence did not show his state of mind and that, instead, the prosecutor's closing argument invited the jury to infer that he was sexually attracted to children and therefore more likely to have committed the crimes charged. Given that the defendant's state of mind was not at issue because he denied that the abuse occurred, the judge erred in allowing the prosecutor to make

that argument in closing.  See Commonwealth v. Crayton, 470 Mass. 228, 249 & n.27 (2014).  However, in light of the prosecutor's entire closing argument, the evidence presented at trial, and the judge's limiting instructions, the defendant was not prejudiced.  Accordingly, we affirm the defendant's convictions.

1.  Background.  In September, 2014, the defendant was charged with the five offenses discussed above, as well as on two indictments of dissemination of obscene matter, in violation of G. L. c. 272, § 29.  Six of the seven charges stemmed from the defendant's abuse of his minor son, Colin.[1]  The defendant's other minor son, Nathan, was the putative victim of one of the dissemination charges.

The jury heard the following evidence at trial.  The defendant and his three children moved to Massachusetts in 2006.  When the defendant and his children arrived in Massachusetts, they lived with the defendant's brother in the Hyde Park section of Boston.  In 2009, the defendant and his children moved to Cambridge, then relocated to the Dorchester section of Boston, and eventually settled in Hull.

Colin testified that the defendant began sexually abusing him when the family moved to Cambridge in 2009.  The charged instances of sexual abuse occurred between 2009 and 2010, while

---

[1] Pseudonyms are used for the defendant's children.

the defendant and his children were living in Dorchester. Colin testified that on multiple occasions the defendant touched his buttocks and penis with his hand and forced him to engage in oral sex. The defendant, while sexually abusing Colin, showed him photographs of naked children and adults on nude beaches, as well as video recordings of adults and children engaging in sexual activity. Samples of photographs of nude beaches that were found on the defendant's computer were admitted in evidence. Colin explained that these images and video recordings depicted people "having sex," which he described as "porn." The defendant threatened to knock Colin's teeth out if he told anyone about the abuse.

Other evidence of the defendant's uncharged conduct toward his children was also admitted at trial. This evidence indicated that the defendant had sexually assaulted Colin in two other counties; showed Colin and Nathan adult and child pornography; and showed Colin, Nathan, and their sister photographs of people on nude beaches, telling the children that he would take them to a nude beach someday.

In October, 2010, the defendant was arrested for possession of child pornography; he eventually pleaded guilty and was incarcerated. As discussed in greater detail infra, this evidence was introduced through a stipulation of the parties and admitted in evidence by the judge for certain limited purposes.

In September, 2012, while the defendant was incarcerated and the defendant's children were living with his brother, a forensic interviewer for the Suffolk County district attorney's office interviewed Colin. During that interview, Colin recounted how the defendant abused him.[2,3] This was the first time Colin reported that the defendant had sexually abused him.[4]

The jury returned guilty verdicts on all charges except for the second indictment charging dissemination of obscene matter, which was based on the defendant showing nude beach photographs to Nathan. The defendant appealed to the Appeals Court, which, in an unpublished memorandum and order pursuant to its rule 1:28, affirmed the convictions of aggravated statutory rape and indecent assault and battery on a child under fourteen. See Commonwealth v. McDonagh, 91 Mass. App. Ct. 1109 (2017).[5] This

---

[2] The interview was videotaped, and a redacted version of the tape was shown to the jury at trial. The interviewer also testified at trial as the first complaint witness.

[3] There was some discrepancy as to where the abuse began, but any such discrepancy is immaterial to the defendant's appeal.

[4] The Department of Children and Families (DCF) had conducted an investigation following the defendant's arrest for possession of child pornography in 2010. At that time, Colin was interviewed by an investigator from DCF. Colin denied having seen anything inappropriate on his father's computer or having been touched inappropriately.

[5] The Commonwealth conceded in the Appeals Court that the evidence was insufficient to support the conviction of dissemination of obscene matter to Colin, and the Appeals Court

court granted the defendant's application for further appellate review.

2. Discussion. It is undisputed that the defendant's arrest for, and admission to, possession of child pornography were properly admitted in evidence. However, the defendant contends that the judge erroneously allowed the Commonwealth to comment in its closing argument that the jury could consider the evidence for purposes of demonstrating the defendant's "state of mind," that he was sexually attracted to children. The defendant claims that this was an improper propensity argument because it invited the jury to infer that he was sexually attracted to children and, therefore, more likely to have committed the charged crimes. The Commonwealth asserts that the argument was proper and that, even if it was not, the defendant failed to preserve the claim for appellate review. Accordingly, we begin by addressing the threshold issue: whether the defendant's objection to the Commonwealth's closing argument was sufficiently precise to preserve the claimed error.

a. The objection. Whether and how certain other bad act evidence would be admitted in evidence was a prominent and recurring issue throughout the defendant's trial -- particularly, the defendant's 2010 arrest for, admission to, and

reversed the conviction and dismissed the indictment for that count. Commonwealth v. McDonagh, 91 Mass. App. Ct. 1109 (2017).

conviction of possession of child pornography.  Prior to trial, the Commonwealth moved in limine to admit this evidence.  The defendant had initially moved to exclude it, arguing that the evidence "would be highly prejudicial" and "show only his propensity to commit the crime[s] charged."  Eventually, the defendant conceded that the evidence was relevant to corroborate Colin's testimony that the defendant had shown him child pornography during the charged incidents of sexual assault.  This evidence was also admissible to show the defendant's efforts to "groom" Colin.[6]  From the defendant's perspective,

---

[6] The term "grooming" has been used to "refer[] to deliberate actions taken by a defendant to expose a child to sexual material; the ultimate goal of grooming is the formation of an emotional connection with the child and a reduction of the child's inhibitions in order to prepare the child for sexual activity."  Commonwealth v. Christie, 89 Mass. App. Ct. 665, 673 n.10 (2016), quoting United States v. Chambers, 642 F.3d 588, 593 (7th Cir. 2011).  Where relevant, evidence of grooming may be introduced for the nonpropensity purposes of demonstrating the defendant's intent, preparation, plan, or design.  See State v. Castine, 141 N.H. 300, 302-304 (1996) (evidence of grooming properly admitted to show defendant's plan and preparation to commit charged acts of sexual assault against child); State v. Sena, 144 N.M. 821, 826 (2008) (grooming evidence properly admitted to show defendant's intent and to refute claim that defendant touched victim for medical purposes); State v. Williams, 134 Ohio St. 3d 521, 526-527 (2012) (testimony concerning grooming properly admitted to demonstrate "motive, preparation, and plan of the accused to target teenage males who had no father figure and to gain their trust and confidence for the purpose of grooming them for sexual activity with the intent to be sexually gratified"); State v. DeVincentis, 150 Wash. 2d 11, 17-19, 23-24 (2003) (evidence of grooming properly admitted to show defendant's plan or design).  See also United States v. Johnson, 132 F.3d 1279, 1282-1284 (9th Cir. 1997) (for charge of transportation of minor with intent to engage in criminal sexual

evidence of the date of his arrest provided an important timeline of events and explained the defendant's absence from the home while he was incarcerated. The parties discussed introducing the evidence through a stipulation to the jury but did not reach an agreement prior to trial. The judge took the issue under advisement.

The parties entered into a stipulation concerning the defendant's arrest for and admission to possession of child pornography on the final day of trial. The following stipulation was submitted to the jury:

> "On October 25, 2010, William McDonagh was arrested for possession of child pornography in Hull, Massachusetts. His home was searched that day and his computers, digital camera, and other digital evidence were seized. The defendant admitted to possessing child pornography. He denied ever having any sexual contact with his child or any child."

Soon after the stipulation was presented to the court, the Commonwealth requested that the judge instruct the jury that they could consider the defendant's arrest for possession of child pornography to demonstrate his "state of mind," that he was sexually attracted to children. Defense counsel objected, arguing that such an instruction would invite the jury to consider the other act evidence for impermissible propensity purposes and that the defendant had a "criminal character for

activity, grooming evidence admissible to show defendant's intent to engage in unlawful sexual activity with minor).

sexual thoughts." The defendant also noted that a state of mind instruction would contradict the judge's other instructions to the jury that they not consider the evidence to show the defendant has a propensity to commit this type of crime. Clearly recognizing the need for specific instructions concerning the purposes for which the jury could consider the other act evidence, the judge requested that the parties identify the precise language for her instruction to the jury: "What I need you to focus on is what these words should say based on your view of what the permissible use of this evidence is." The judge then ruled that she would not instruct the jury on "state of mind" as it related to the defendant's arrest for child pornography.

The Commonwealth then requested that it be permitted to argue in closing that the jury could consider the defendant's admission to possessing child pornography for purposes of demonstrating his "state of mind," that he was sexually attracted to children. Differentiating between the defendant's arrest for possession of child pornography and his admission to possessing child pornography, the judge concluded that the Commonwealth's proposed argument was proper. Defense counsel objected. She began to explain that the Commonwealth's argument sought to "show[] that [the defendant] has a criminal character

or . . . show[] that he's sexually --." The judge interjected, stating,

> "She's not going to use the words criminal character. She's going to say that his admission to possessing child pornography is evidence that he was attracted to children. I don't know how you can argue with that. So I appreciate your advocacy, but I think that it is what it is."

Defense counsel did not assert a further objection.

The Commonwealth's closing argument contained the following statement: "The defendant possessed child pornography. He was sexually attracted to children. [Colin] told you about the abuse he suffered at the hands of his father. The defendant's inclination, or interest sexually in children corroborates [Colin's] testimony that his father sexually assaulted him." The judge then instructed the jury that evidence of the defendant's arrest for possession of child pornography could not be considered as evidence that the defendant had a bad character or a propensity to commit the crimes charged in this case. The jury were instructed that they could only consider that the defendant's 2010 arrest for child pornography was for "the limited issue of the defendant's opportunity and the relationship between the defendant and the alleged victims for purposes of the crimes charged here. You may not consider this evidence for any other purpose."

Because the judge specifically permitted the Commonwealth to make the argument at issue in this appeal, we review the judge's evidentiary ruling allowing that argument. The Commonwealth contends that defense counsel failed to lodge an adequate objection to the judge's ruling on the Commonwealth's closing argument. Only a timely and precise objection to the admission of evidence, or a judge's ruling, will preserve a claimed error for appellate review. See Commonwealth v. Bonds, 445 Mass. 821, 828 (2006) ("We have consistently interpreted Mass. R. Crim. P. 22, 378 Mass. 892 [1979], to preserve appellate rights only when an objection is made in a form or context that reveals the objection's basis"). See also Mass. G. Evid. § 103(a) (2018). A timely and precise objection not only preserves the aggrieved party's appellate rights, but more importantly, "afford[s] the trial judge an opportunity to act promptly to remove from the jury's consideration evidence [or the effect of an initially improper ruling] which has no place in the trial." Abraham v. Woburn, 383 Mass. 724, 726 n.1 (1981). See Commonwealth v. DePina, 476 Mass. 614, 624 n.9 (2017) (importance of objection is to notify judge of impending error).[7] Accordingly, to ensure that the trial judge is aware of

---

[7] At least as important as protecting the record, a timely and precise objection provides the judge with an opportunity to consider the argument presented in order to make a reasoned decision. The same principle applies where the judge's ruling

the basis for an objection when it is not apparent from the context, "counsel should state the specific [evidentiary] ground of the objection" (citation omitted).  Commonwealth v. Marshall, 434 Mass. 358, 365 (2001).  See Commonwealth v. Fowler, 431 Mass. 30, 41 n.19 (2000) (issue not properly preserved because defendant objected on grounds other than those argued on appeal).

Where the adequacy of an objection is contested, the "objection is to be considered 'in the context of the trial as a whole.'"  Commonwealth v. Jones, 464 Mass. 16, 19 n.4 (2012), quoting Commonwealth v. Koney, 421 Mass. 295, 299 (1995).  See Commonwealth v. Biancardi, 421 Mass. 251, 254 (1995) (objection preserved claim where, "[s]urely, the point was brought to the judge's attention, and she rejected it").  Perfection is not the standard by which we measure the adequacy of an objection.  See Commonwealth v. Hollie, 47 Mass. App. Ct. 538, 541 n.3 (1999).  An objection adequately preserves the claimed error so long as "counsel 'makes known to the court the action which he desires

_____

excludes evidence and the party offering the evidence informs the court concerning the admissibility of the proposed evidence by an offer of proof.  See Mass. G. Evid. § 103(a)(2) (2018).  Judges should not hesitate to reconsider their preliminary ruling in response to counsel's argument.  Indeed, an informed evidentiary argument from counsel may allow the judge to augment the record, whether the judge changes his or her ruling or not.  See Mass. G. Evid. 103(c) (2018) ("court may make any statement about the character or form of the evidence, the objection made, and the ruling").

the court to take or his objection to the action of the court.'" Fowler, 431 Mass. at 41 n.19, quoting Mass. R. Crim. P. 22. Accordingly, vague general objections often fall short of preserving an error that is later fully articulated on appeal. See Commonwealth v. Cancel, 394 Mass. 567, 570-571 (1985). For example, where counsel only stated that the admission of proposed testimony was "terribly prejudicial" and not relevant to the case, the defendant's subsequent claim on appeal that the testimony was impermissible bad act evidence was not preserved because "the defendant did not object with the precision required to preserve the error on appeal, as she failed to delineate any specific evidentiary basis for the objection." Commonwealth v. Proia, 92 Mass. App. Ct. 824, 827 (2018). See Bonds, 445 Mass. at 828 ("Rather than an objection to the testimony as impermissible evidence of character or propensity, the defendant's standing objection was based on relevancy alone").

The admission of other bad act evidence, particularly the defendant's arrest for, and admission to, possession of child pornography, was an issue that permeated the trial. Moreover, it is clear from the record that the judge was acutely aware of the delicate balance required when dealing with other bad act evidence and the importance of limiting the jury's consideration of that evidence. Both in requesting jury instructions and

seeking permission to make comments in its closing argument, the Commonwealth endeavored to allow the jury to consider the evidence contained in the stipulation for purposes of demonstrating the defendant's "state of mind," that he was sexually attracted to children. The defendant objected in both instances, claiming that the Commonwealth was inviting the jury to make an impermissible propensity inference that because the defendant had been arrested for, and admitted to, possession of child pornography, he was sexually attracted to children and therefore more likely to have committed the crimes charged. Similarly, the Commonwealth was seeking to demonstrate the defendant's "criminal character," for purposes of proving that the defendant acted in accordance with that bad character.

Although defense counsel articulated an evidentiary basis for her objection that was neither perfect nor comprehensive, perhaps because the judge interrupted counsel in the midst of the objection, counsel's objection adequately preserved the issue on appeal. In the context of the entire case, counsel sufficiently articulated that the Commonwealth was seeking to invite the jury to use other bad act evidence for purposes other than that for which it had been properly admitted. Specifically, the defendant stated as grounds for his objection that the Commonwealth sought to invite an impermissible propensity inference based on the defendant's "criminal

character."  See Commonwealth v. Facella, 478 Mass. 393, 403

(2017), quoting Commonwealth v. Dwyer, 448 Mass. 122, 128 (2006)

("evidence of prior bad acts 'is not admissible to show a

defendant's bad character or propensity to commit the charged

crime" [emphasis supplied]).[8]  To the extent that counsel could

have provided a more thorough and precise explanation for her

objection, we cannot hold that against her, as the judge

interrupted counsel's explanation and essentially exclaimed that

the Commonwealth's position was inarguably permissible -- "I

don't know how you can argue with that."  Accordingly, we review

the defendant's claim under the prejudicial error standard.[9]

---

[8] Defense counsel should have requested the opportunity to augment the grounds for her objection.  It may be that the judge, in making her ruling, had in mind that she was not allowing evidence in to show the defendant's "criminal character," and that she, therefore, did not recognize that defense counsel's objection was focused on precluding the prosecutor from arguing that the jury could consider the other act evidence for impermissible propensity purposes.  Perhaps, the judge would have rethought her ruling had defense counsel argued that the Commonwealth was seeking to make an improper propensity argument; an error that was exacerbated by the fact that even if the defendant's "state of mind" was relevant for a nonpropensity purpose, any probative value would be outweighed by the danger that the jury would use the evidence as impermissible character evidence.  While we recognize that the judge did state, "I don't know how you can argue with that," in response to defense counsel's argument, the judge did not foreclose further discussion of the issue.

[9] We recognize that, generally, counsel's "[f]ailure to object to the closing and to ask for a curative instruction waives the right to claim error on appeal."  Commonwealth v. Marquetty, 416 Mass. 445, 450 (1993).  The defendant correctly observes, however, that the judge had sanctioned the

b.  Claimed error.  As discussed supra, the defendant
contends that the judge erred in permitting the prosecutor to
assert in her closing argument that the defendant's admission to
possessing child pornography demonstrated the defendant's "state
of mind," that he was sexually attracted to children.  Because
this invited an impermissible propensity inference, and the
defendant's state of mind was not at issue in this case, we
agree.[10]

"We review questions of admissibility, probative value, and
unfair prejudice for abuse of discretion . . . and do not
disturb a trial judge's decision absent a clear error of
judgment in weighing the relevant factors."  Commonwealth v.
Brown, 477 Mass. 805, 820 (2017).  "The standard for evaluating
the admissibility of 'other bad acts' evidence is well

---

prosecutor's argument, and so the prosecutor was entitled to
make it.  See Commonwealth v. Lamrini, 392 Mass. 427, 432-433
(1984).  The defendant properly challenges the judge's ruling,
rather than the closing argument itself.  A party need not
continue to voice an objection once it is clear that doing so
would be futile.  Commonwealth v. Connolly, 49 Mass. App. Ct.
424, 426 n.2 (2000) ("after defendant has presented argument and
the judge has rejected it, he need not subsequently make
patently futile objections to preserve the point for review").

[10] We observe that, on appeal, the defendant claims that his
admission to possessing child pornography was not probative as
to his state of mind because possession of child pornography
does not necessarily evince sexual attraction to children.  We
do not address this argument, because, as explained infra, the
defendant's admission to possessing child pornography was not
admissible as to his state of mind because his state of mind was
not at issue.

established." Crayton, 470 Mass. at 249. The Commonwealth may not introduce evidence of the defendant's other bad acts in order to demonstrate bad character, or a propensity to commit the crimes charged. Commonwealth v. Anestal, 463 Mass. 655, 665 (2012). However, this evidence may be admissible to prove a material issue separate and distinct from the defendant's character or propensity to commit the crime charged. See Commonwealth v. Trapp, 396 Mass. 202, 206 (1985), S.C., 423 Mass. 356, cert. denied, 519 U.S. 1045 (1996). In the appropriate circumstances, other bad act evidence can be used for a variety of purposes including, but not limited to, establishing a defendant's "motive, opportunity, intent, preparation, plan, knowledge, identity, . . . pattern of operation," absence of mistake, or lack of accident. Crayton, supra, quoting Commonwealth v. Walker, 460 Mass. 590, 613 (2011). See Mass. G. Evid. § 404(b)(2) (2018). Even where the other act evidence is relevant for a nonpropensity purpose, the evidence may not be admitted if its probative value is outweighed by the risk of unfair prejudice to the defendant. Crayton, supra at 249 & n.27. See Commonwealth v. Jaundoo, 64 Mass. App. Ct. 56, 60 (2005) ("A defendant's possession of pornography is admissible in sexual assault cases if relevant to an issue in the case and if its prejudicial effect does not outweigh its probative value").

Our resolution of the claimed error is controlled by Crayton, 470 Mass. at 248-252. In that case, the defendant was charged with possession of child pornography based on Internet searches he allegedly conducted on a computer at a public library. Id. at 229-232. At trial, the Commonwealth sought to show the defendant's state of mind and intent by introducing evidence of sexual drawings of young girls that were found in his jail cell. Id. at 248. The issue at trial, however, was the identity of the person who had conducted the illicit Internet searches, not that person's intent or state of mind. Id. at 250. We concluded that the other act evidence was inadmissible, because "the risk was enormous that the jury would use the drawings for the forbidden purpose of identifying the defendant as the person who viewed the child pornography on [the] computer . . . based on his bad character and propensity to possess child pornography." Id. at 251.

Similarly, the defendant's guilt here did not turn on his state of mind during the commission of the charged acts; rather, it depended on whether the defendant actually committed the acts at all. See United States v. Colon, 880 F.2d 650, 659 (2d Cir. 1989) (evidence of prior bad acts not admissible to show intent, where intent was not in dispute because defendant denied committing charged actions). Contrast Facella, 478 Mass. at 404 ("Because the rebuttal evidence [of prior bad acts] tended to

disprove the defendant's theory . . . , it was relevant and admissible for that purpose").[11]  Accordingly, the risk that the jury would conclude that the defendant committed the charged crimes based on his criminal character and propensity, as demonstrated by his arrest for and admission to possession of child pornography, was significant.  This is particularly true given that, in closing, the prosecutor commented on the defendant's "inclination, or interest sexually in children," which was only relevant if he acted in accordance with that inclination or bad character in abusing his son.[12]  Indeed, the prosecutor stated in closing that the defendant's alleged sexual attraction to children "corroborates [Colin's] testimony that his father sexually assaulted him."  This argument clearly

---

[11] The Commonwealth's reliance on United States v. Brand, 467 F.3d 179 (2d Cir. 2006), cert. denied, 550 U.S. 926 (2007) and United States v. Byrd, 31 F.3d 1329, 1335 (5th Cir. 1994), cert. denied, 514 U.S. 1052 (1995), is misplaced.  In those cases, the defendants claimed the affirmative defense of entrapment, which the government can defeat by showing a defendant's predisposition to commit the alleged offense.  See Brand, supra at 189, 196; Byrd, supra at 1336-1337 & n.9.

[12] Additionally, "[t]his is not a case in which the disputed evidence had [a] direct connection with the crime charged." Commonwealth v. LaSota, 29 Mass. App. Ct. 15, 26 (1990). Contrast Commonwealth v. Coates, 89 Mass. App. Ct. 728, 739-740 (2016) (evidence that defendant had viewed pornography was admissible where "[m]any of the titles of the pornographic files and the description of the video content evince[d] a connection to [victim's] allegations of anal intercourse" and "explicitly parallel[ed]" victim's description of abuse).

invited the jury to make an impermissible propensity inference, and as such, should not have been permitted.

c. Prejudicial error analysis. "We review nonconstitutional errors, preserved through objection at trial, to determine whether they created prejudicial error." Commonwealth v. Nardi, 452 Mass. 379, 396 (2008), citing Commonwealth v. Vinnie, 428 Mass. 161, 163, cert. denied, 525 U.S. 1007 (1998). In analyzing a defendant's claim of improper argument, albeit an argument specifically permitted by the judge, we analyze the remarks "in the context of the entire argument, and in light of the judge's instructions to the jury and the evidence at trial." Commonwealth v. Gaynor, 443 Mass. 245, 273 (2005), quoting Commonwealth v. Viriyahiranpaiboon, 412 Mass. 224, 231 (1992).

Although the judge erred in allowing the prosecutor to make this particular argument, the bulk of the prosecutor's closing argument focused on the Commonwealth's substantive evidence against the defendant. Her improper propensity argument "was isolated, and 'it was not a principal focus of what otherwise was a proper closing argument.'" Commonwealth v. Kolenovic, 478 Mass. 189, 201-202 (2017), quoting Gaynor, 443 Mass. at 274. See Commonwealth v. Lugo, 89 Mass. App. Ct. 229, 234 (2016).

The Commonwealth presented a strong case against the defendant, which was anchored in Colin's testimony concerning

the instances of sexual abuse; the jury heard Colin testify that the defendant had committed the charged acts. His testimony was corroborated by the first complaint witness, as well as a videotape recording of his initial disclosure to the first complaint witness. Colin's claim, that the defendant had shown him photographs of a nude beach and told him that they would go there one day, was also supported by his siblings' testimony that the defendant had shown them the same images and made similar comments, as well as nude beach photographs submitted to the jury that were found on the defendant's computer. Importantly, the defendant's 2010 arrest for, and admission to, possession of child pornography corroborated Colin's claim that the defendant showed him sexual images of children on the defendant's computer.

The Commonwealth also introduced evidence of the defendant's out-of-county sexual assaults against Colin to show his pattern of conduct towards Colin. See Commonwealth v. King, 387 Mass. 464, 470 (1982) ("when a defendant is charged with any form of illicit sexual intercourse, evidence of the commission of similar crimes by the same parties though committed in another place, if not too remote in time, is competent to prove an inclination to commit the [acts] charged" [citation omitted]). When this evidence was admitted, the judge provided a contemporaneous limiting instruction to the jury that they

could consider these uncharged assaults on Colin for several specific purposes, including as evidence of the defendant's opportunity, intent, and state of mind and the relationship between the defendant and Colin.[13]  See Commonwealth v. Daley, 439 Mass. 558, 568 (2003) (prosecutor's characterization of defendant as thief was "innocuous" in light of more incriminating evidence that jury had heard about him).  In light of Colin's direct testimony, corroborated by the pornography found on the defendant's computer, the prosecutor's improper remarks concerning the defendant's admission to possessing child pornography could not have swayed the jury, particularly since that very evidence was properly admitted for a limited purpose.

We are further convinced that the prosecutor's improper comment did not prejudice the defendant because the judge emphatically instructed the jury that they could not consider the other act evidence for propensity purposes or to otherwise demonstrate that the defendant had a bad character.  The judge's instructions, considered in their entirety, were sufficient to ensure that the prosecutor's impermissible argument did not influence the jury's deliberations.  Commonwealth v. White, 475 Mass. 724, 733 (2016).  Although a limited portion of the judge's instruction concerning other bad act evidence may have

_____

[13] The defendant did not object to this instruction and does not argue on appeal that it was improper.

been somewhat unclear, the judge admonished the jury not to consider evidence related to the defendant's 2010 arrest as evidence that he possessed a propensity to commit the crimes charged.[14]  She also made sure that the jury understood the meaning of this instruction, explaining that evidence related to the defendant's 2010 arrest could not serve as direct proof of his guilt, and that the jury could not infer that if he was arrested for possessing child pornography, he must also have committed the crimes charged.[15]

---

[14] We note that there was some conflict between the purposes for which the defendant's arrest for, and admission to, possessing child pornography were admitted, the prosecutor's closing argument, and the judge's instruction during the jury charge.  Although the defendant's arrest for and admission to possessing child pornography were admitted by stipulation to corroborate Colin's testimony that his father had shown him pornography in the course of the sexual assaults, the judge instructed the jury that they could consider that evidence "solely as it may bear on the limited issue of the defendant's opportunity and the relationship between the defendant and the alleged victims for purposes of the crimes charged here.  You may not consider this evidence for any other purpose."  To the extent that this instruction was unclear because it conflicted with the purposes for which the evidence was admitted and the Commonwealth's closing argument, the judge emphatically instructed the jury that they could not consider such evidence as demonstrating that the defendant had a propensity to commit the offenses charged.

[15] Additionally, the jury's questions regarding the definition of obscenity, and their verdict of not guilty on one indictment charging dissemination of obscene material, evince the jury's disciplined deliberations.  See Commonwealth v. Daley, 439 Mass. 558, 568 (2003) ("These questions suggest that the jury engaged in a careful and thorough examination of the evidence . . .").

3.  _Conclusion_.  The convictions on the two indictments charging aggravated statutory rape and the three indictments charging indecent assault and battery on a child under the age of fourteen are affirmed.  In light of the Commonwealth's concession that the evidence is legally insufficient to support a conviction of dissemination of obscene material, the conviction on that indictment is reversed.

_So ordered_.