NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

23-P-199

COMMONWEALTH

vs.

WILLIAM HIDALGO.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

After a jury trial in the District Court, the defendant, William Hidalgo, was convicted of strangulation or suffocation, assault and battery on a family or household member, and assault and battery by means of a dangerous weapon.  He was acquitted of one charge of assault by means of a dangerous weapon.  On appeal, the defendant claims that the trial judge (1) improperly admitted evidence of prior bad acts, (2) mistakenly limited the scope of the defendant's expert witness testimony, and (3) allowed inadmissible evidence regarding his consciousness of guilt.  We affirm.

Discussion.  1.  Prior bad acts.  The charges against the defendant stemmed from a 2017 incident.  Over the defendant's

objection, the judge permitted the victim to testify about a strangulation incident that occurred in 2012 and restraining orders she obtained against the defendant between 2012 and 2014. The defendant argues that there was a high risk that the jury used the prior bad acts as proof of propensity to commit the offenses in question here and that the lack of limiting instructions "exacerbated" that risk.

While "[t]he Commonwealth may not introduce evidence of the defendant's other bad acts in order to demonstrate bad character, or a propensity to commit the crime charged," such evidence may be admissible if it is relevant for a valid purpose and its probative value is not outweighed by undue prejudice. Commonwealth v. McDonagh, 480 Mass. 131, 140-141 (2018). We review the judge's decision to admit such evidence for abuse of discretion. See id. at 140.

Evidence of the hostile nature of the relationship between the victim and the defendant is relevant and admissible. See Commonwealth v. Huang, 489 Mass. 162, 174 (2022) (prior bad acts admissible in murder case "to show the volatile nature of the relationship" and to explain "the defendant's . . . state of mind toward the victim" [quotation and citation omitted]); Commonwealth v. Butler, 445 Mass. 568, 575-576 (2005) (prior bad act evidence admissible in assault and battery case to show "the hostile nature of relationship" and "continuing animosity on the

2

defendant's part" toward victim).  The contested evidence here was admissible to demonstrate the defendant's ongoing animosity towards the victim and provided the jury with a snapshot of his state of mind prior to the incident.  See Commonwealth v. Robidoux, 450 Mass. 144, 158-159 (2007) (prior bad act evidence admissible and relevant to motive and state of mind); Commonwealth v. Bradshaw, 385 Mass. 244, 269-270 (1982) (prosecution allowed to present prior bad act evidence of intent or motive to provide "as full a picture as possible of the events surrounding the incident itself").

Even when prior bad act evidence is relevant to a permissible purpose, it may still be excluded if its probative value is "outweighed by the risk of unfair prejudice to the defendant, even if not substantially outweighed by that risk." Commonwealth v. Crayton, 470 Mass. 228, 249 n.27 (2014); Mass. G. Evid. § 404(b)(2) (2024).  Outside of a brief account of the 2012 strangulation incident and subsequent restraining order, the victim's testimony on direct examination was limited to her accounting of the relationship and a broad mention of "other times" that restraining orders were obtained.  We are confident that this evidence did not prejudice the defendant by overwhelming the jury's attention away from the conduct underlying the 2017 charges.  Moreover, on cross-examination, defense counsel effectively elicited specific details and a

3

precise timeline of each restraining order in support of a theory that the victim used the orders to manipulate the defendant.  See Commonwealth v. Mason, 485 Mass. 520, 535 (2020) (risk of prejudice effectively mitigated on cross-examination).

Defense counsel did not request a limiting instruction to prevent the jury from improperly considering the victim's testimony as evidence of criminal propensity, nor did he object to the judge's failure to give a limiting instruction.  Although the better practice might have been to give a limiting instruction sua sponte, we discern no error from the judge's failure to do so.  See Commonwealth v. Correia, 492 Mass. 220, 231 n.17 (2023) ("Although there generally is no requirement that the judge give limiting instructions sua sponte, we have said that where the risk of unfair prejudice is apparent . . . contemporaneous limiting instructions are much to be preferred, even if a defendant does not request them" [quotations and citations omitted]).  The fact that the jury acquitted the defendant of assault with a dangerous weapon suggests that their decision was based on the evidence of the crimes presented at trial, and not based on the prior incidents.  See Butler, 445 Mass. at 576 (defendant's acquittal of "serious assault and battery charge" indicated jury did not misuse evidence for propensity purpose).

4

2.  Expert testimony.  The defendant argues that the judge's decision to restrict the scope of his expert's testimony was an abuse of discretion and denied him his constitutional right to present a complete defense.  Exclusion of expert testimony is reviewed under an abuse of discretion standard to "consider whether the judge made a 'clear error of judgment in weighing' the relevant factors 'such that the decision falls outside the range of reasonable alternatives.'"  Commonwealth v. German, 483 Mass. 553, 569 (2019), quoting L.L. v. Commonwealth, 470 Mass. 169, 185 n.27 (2014).

At trial, the defendant offered the expert medical testimony of a triage nurse with twenty-one years of experience in the walk-in unit at Massachusetts General Hospital.  During voir dire, the expert could not recall whether she had received any specialized training on strangulation, domestic violence, or traumatic injuries.  She stated that, in her experience, the type of injuries displayed after a traumatic injury "varies depending on the patient" and involves evaluation of several factors including the severity of the injury.  The expert also admitted that, in her role as a registered nurse, she did not have the ability to diagnose patients or prescribe a course of treatment.  After extensive questioning, the judge ruled that the expert could clarify and define "various medical terms that appear in the medical records" but could not testify as to "her

5

own diagnosis based on what she sees or the absence of certain findings that she would expect to see."

A party must establish five foundational elements before expert testimony may be admitted. See Commonwealth v. Barbosa, 457 Mass. 773, 783 (2010), cert. denied, 563 U.S. 990 (2011); Mass. G. Evid. § 702 (2024). The judge's decision to limit the scope of the nurse's testimony was based on the second foundational requirement, see Mass. G. Evid. § 702, Note (Second Foundation Requirement: Qualifications of the Expert) -- a failure to demonstrate that the expert had sufficient education or training on the symptoms and physical manifestations of strangulation and facial injuries, as well as her inability to treat or diagnose patients. The judge's assessment of the extent and limits of the nurse's expertise fell within the wide range of reasonableness. See Commonwealth v. O'Brien, 494 Mass. 288, 300-301 (2024), quoting Commonwealth v. Torres, 469 Mass. 398, 406 (2014) ("Trial judges 'have broad discretion in deciding whether to admit expert testimony'"). We discern no abuse of discretion.

The defendant's constitutional argument fares no better. While the defendant has the right to present a complete defense, see Commonwealth v. Polk, 462 Mass. 23, 33 (2012), the exclusion of expert testimony regarding common symptoms of strangulation and other traumatic injuries did not deprive him of that right.

6

The defendant contends that exclusion of the expert testimony prevented him from challenging the victim's credibility by "fully fleshing out" the inconsistencies between her testimony and the medical records.  Even were we to accept that argument, the value of the proposed opinion evidence to the defendant does not relieve him of the burden of offering a qualified expert to provide it.  See Commonwealth v. Ronchi, 491 Mass. 284, 301 (2023) ("A defendant's right to present a full defense . . . is not without limits . . . , and as a general rule, does not entitle him [or her] to place before the jury evidence normally inadmissible" [citation omitted]).  Moreover, defense counsel ably highlighted those discrepancies at several points during direct examination of the expert and during his closing argument.[1]  We are confident that the defendant had the benefit of a complete defense.  See Polk, supra.

3. Consciousness of guilt.  Finally, the defendant claims that the judge improperly admitted evidence showing consciousness of guilt.  This claim is unfounded.

---

[1] The defendant argues that the jury were unable to assess the victim's credibility as to her testimony because he was precluded from fully analyzing her claim that she lost consciousness during the incident.  The transcript indicates, however, that the expert testified that both the emergency medical technician reports and the hospital records show no loss of consciousness.

At trial, the following stipulation was introduced: "This case was previously scheduled for trial on January 10, 2019. Defendant was present for trial and the Commonwealth answered ready for trial. The defendant defaulted before the second call of the list." The defendant argues that the stipulation failed to prove that he had notice of the trial date as required under Commonwealth v. Hightower, 400 Mass. 267, 269 (1987). To be sure, evidence of a default may be properly considered as consciousness of guilt evidence only if it is also shown that the defendant received notice of the trial date. See id.; Commonwealth v. Addy, 79 Mass. App. Ct 835, 841-842 (2011). Here, however, there is no plausible claim that the defendant lacked notice, where he was present in court for the first call on the scheduled trial date. Accordingly, the trooper's testimony regarding the defendant's flight to Tennessee was admissible and relevant as to consciousness of guilt. See Commonwealth v. Booker, 386 Mass. 466, 471 (1982) ("Evidence that tends to show consciousness of guilt is relevant"). Additionally, the judge gave a proper consciousness of guilt instruction, reminding the jury that there may be innocent reasons for flight. See Commonwealth v. Stuckich, 450 Mass. 449, 453 (2008), quoting Commonwealth v. Toney, 385 Mass. 575, 584 & n.4 (1982) ("Consciousness of guilt instructions are

8

permissible when there is an 'inference of guilt that may be drawn from evidence of flight, concealment, or similar acts'").

Judgments affirmed.

By the Court (Massing, Hand & Smyth, JJ.[2]),

*Paul Little*

Clerk

Entered:  October 25, 2024.

---

[2] The panelists are listed in order of seniority.