NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

23-P-1356

VALERIE CARCHIA

vs.

DAVID BRASK.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

At a jury trial in April 2023, a jury found that the defendant, David Brask, did not sexually abuse the plaintiff, Valerie Carchia, by committing an indecent assault and battery on her while she was under the age of eighteen in the 1980s. Carchia now appeals, arguing that the judge erred in excluding certain evidence and in denying her motion to vacate the judgment for fraud on the court.  Seeing no error or abuse of discretion, we affirm the judgment.[1]

Discussion.  "We review a judge's evidentiary rulings for an abuse of discretion."  Commonwealth v. Andre, 484 Mass. 403,

---

[1] As discussed below, Carchia did not notice an appeal from the order denying her motion to vacate.

414 (2020).  We consider whether the judge made a "clear error of judgment in weighing the factors relevant to the decision . . . such that the decision falls outside the range of reasonable alternatives" (quotation omitted).  L.L. v. Commonwealth, 470 Mass. 169, 185 n.27 (2014).  We "give great deference to the judge's exercise of discretion; it is plainly not an abuse of discretion simply because a reviewing court would have reached a different result."  Id.

1.  C.D.'s testimony.  When Carchia called C.D. to testify, the judge required an offer of proof.  According to Carchia, C.D. would testify that Brask had a sexual relationship with her (C.D.) that commenced when she was only thirteen years old.  Carchia suggested this would show that Brask had engaged in similar "grooming" conduct with both C.D. and her.  The judge acknowledged that prior grooming conduct by Brask could be relevant, see Commonwealth v. McDonagh, 480 Mass. 131, 135 n.6 (2018), but he concluded that the probative value of C.D.'s testimony would be "greatly outweighed by [its] prejudicial effect."  See Commonwealth v. Crayton, 470 Mass. 228, 249 n.27 (2014) (bad acts evidence inadmissible if probative value outweighed by prejudice, "even if not substantially outweighed").

Carchia offers two theories for her argument that C.D.'s testimony should have been admitted. First, Carchia contends that the testimony's probative value would outweigh its prejudicial effect because it would show Brask was grooming C.D. at "around the same time" as he was also grooming her. Carchia argues this would have gone to Brask's intent and lack of mistake. See Crayton, 470 Mass. at 249 (bad acts evidence may be admissible "to establish motive, opportunity, intent, preparation, plan, knowledge, identity, or pattern of operation" [citation omitted]). The judge, however, reasoned that "what's been presented [regarding Carchia's case] is several discrete incidents over a certain number of years," making Brask's conduct toward Carchia "very different" from Brask's relationship with C.D., and rendering C.D.'s testimony significantly more prejudicial than probative. Carchia offers no specific argument as to how this was an abuse of discretion, and we conclude that it was not.

Second, according to Carchia, C.D.'s testimony was admissible to rebut Brask's assertion that Carchia's claims were part of her and C.D.'s "conspiracy" against him. Carchia argues that Brask "opened the door" to such testimony. It is true that prior bad acts evidence may be "admissible if it 'rebut[s] the defendant's contentions' made in the course of the trial."

3

Commonwealth v. Anestal, 463 Mass. 655, 665 (2012), quoting Commonwealth v. Magraw, 426 Mass. 589, 595 (1998). However, it was Carchia herself who called Brask as a witness and prompted him to testify about his belief that this action was part of a conspiracy. Carchia does not explain how a party's own introduction of evidence can ever "open the door" to further evidence from that same party that would otherwise be irrelevant or inadmissible.

The cases Carchia cites for the proposition that, after offering evidence, she may introduce evidence to rebut it, are inapposite. In each of them, the party allowed to introduce rebuttal evidence was not the party that "opened the door." See Anestal, 463 Mass. at 665 (prosecution may introduce prior bad acts evidence to rebut contention made by defendant at trial); Magraw, 426 Mass. at 595-596 (defendant's testimony about victim's state of mind opened door to otherwise inadmissible rebuttal evidence from prosecution). She cites no authority suggesting that she may introduce rebuttal testimony in response to testimony that she brought out during the direct examination of her own witness. We conclude that the judge acted within his discretion by excluding C.D.'s testimony of her sexual contact with Brask.

2. Documentary evidence. Next, Carchia claims that the judge erroneously barred her from introducing a document showing that, in 1979, Brask purchased certain real property where some of his abuse of her allegedly occurred. The document, which Carchia's brief and record appendix refer to as exhibit H, is essentially identical to what the judge admitted as exhibit four. The document is included in Brask's supplemental record appendix with a sticker marking it as exhibit four in this action. Carchia thus fails to identify any document the judge excluded from evidence, whether erroneously or otherwise.

3. Motion to vacate. Lastly, although Carchia attempts to challenge the judge's order denying her motion to vacate the judgment, the issue is not properly before us. A notice of appeal in a civil case must designate "the judgment, decree, adjudication, or separately appealable order from which the appeal is taken." Mass. R. A. P. 3 (c) (1) (A) (ii), as appearing in 491 Mass. 1601 (2023). Carchia filed her notice of appeal from the judgment on May 19, 2023, but did not file her motion to vacate the judgment until July 21, which the judge denied by order issued July 25. Because Carchia did not file

5

another notice of appeal that included that order, it is not before us for review.[2]

Judgment affirmed.

By the Court (Sacks, Shin & Hershfang, JJ.[3]),

*Paul Little*

Clerk

Entered:  January 10, 2025.

---

[2] Brask's request for attorney's fees is denied; the appeal of the exclusion of C.D.'s testimony, although weak, was not entirely frivolous.

[3] The panelists are listed in order of seniority.